### MORELLI, Petition, In re.

Ohio Appeals, Second District, Franklin County.

No. 5468. Decided June 1, 1956.

502

Abraham Gertner, Columbus, for petitioner.

C. William O'Neill, Atty. Genl., John W. Shoemaker, Asst. Atty Genl., Columbus, for respondent, Ralph W. Alvis, Warden, etc.

(FESS, J, of the Sixth District, sitting by designation in the Second District.)

## OPINION

By MILLER, PJ.

This is a law appeal from the judgment of the Common Pleas Court dismissing the appellant's petition for a writ of habeas corpus and remanding him to the custody of the respondent, Warden of the Ohio Penitentiary.

The record discloses that the petitioner was indicted for the offense of assault with intent to rob in violation of §12421 GC, and for maliciously entering a bank with firearms to commit a felony in violation of §12441 GC; that a plea of not guilty was entered and the case came on for hearing; that a jury was impaneled and sworn and the trial proceeded; that on the second day of the trial counsel for the petitioner arose and changed the plea of the petitioner from "not guilty" to "guilty." The case was then submitted to the jury for a recommendation of mercy under §12441 GC and a verdict was returned extending the same. Sentence was then pronounced in accordance with the statutes involved. Counsel for the appellant urges that the commitment to the custody of the respondent is illegal for the reason that the Court had no jurisdiction to accept the guilty plea since it was made by counsel for the petitioner and not by him personally; that the petitioner is being deprived of his liberty without due process of law under the Fourteenth Amendment to the United States Constitution, and **Article I, Section 16, Ohio Constitution.** The facts pertinent to the issue presented were stipulated and agreed upon as follows:

"It is stipulated and agreed by and between the parties hereto by their respective counsel that on the trial of the petitioner, John Morelli, before the Court of Common Pleas of Mahoning County, Ohio, for the offenses for which said petitioner is now imprisoned, the petitioner originally entered a plea of not guilty, that in the midst of the trial, petitioner's attorney arose and asked the court for permission to change the petitioner's plea from not guilty to guilty, that at no time did the petitioner personally request the court to make such change, that at no time did the petitioner personally plead guilty, that at no time did the court inquire of the petitioner whether he wished to change his plea and at no time did the court ask the petitioner what the petitioner's plea was subsequent to the statement of the attorney, and that petitioner's attorney entered a plea of guilty to both indictments."

It is stated in Corpus Juris Secundum, Section 415. page 635, that

at common law an accused was required to plead in person and that when the same is required by statute a personal plea is mandatory. The Ohio statutes are silent as to the manner in which the plea shall be made, although §2943.02 R. C., permits counsel on behalf of the accused to waive the reading of the indictment, thereby recognizing the right of counsel to act for the accused when in his presence. The manner in which a plea may be changed is set forth in §2943.03 R. C., to wit:

"The Court may, for good cause shown, allow a change of plea at any time before the commencement of the trial."

It would seem to us that representations made to the Court by the defendant's counsel and in his presence, that it is his desire to change his plea to guilty, would constitute good cause for the Court accepting such a change. The power is a discretionary one and we think that it was properly exercised. We recognize that there is a conflict in the authorities on the question presented, but our examination of the same leads us to the conclusion that the greater weight holds that a plea of guilty when entered by counsel has the same force and effect as a plea personally entered by the accused when the latter is present in court and the circumstances are such as to show clearly that the accused understands what is being done and acquiesces therein. See 22 C. J. S., Section 422, page 652. In U. S. v. Denniston, 89 F. (2d) 696, in discussing a similar question, Justice Chase well states the reasons for the Court's conclusion, at page 698, to wit:

"But there is a technical objection to the plea itself. It is argued that as it was entered by the attorney and not by the appellant personally it is of no effect. While it is true that in ancient times when the rights of an accused were comparatively few much stress was laid upon the formality of arraignment and plea, especially in felony cases, and plenty of authority may be found to the effect that a plea of guilty at common law had to be made by the accused himself after he had been adequately identified, we are not disposed to subscribe to such rigidity of procedure. The reason for it has disappeared with the acceptance and use of modern methods which preserve the substance of all the rights of an accused person without so much sacrifice of the rights of the public before the alter of mere form. If an indicted person is actually present in open court with his attorney who is competent to represent him and does so under circumstances which fairly show that the attorney speaks for his client who understands what is being done and its import and who acquiesces when the attorney enters a plea of guilty for him, nothing but a slavish adherence to archaism could underlie a holding that the plea was void. When the essential presence of an accused in the court having jurisdiction is a fulfilled condition, there is no express requirement in the federal law that in pleading to an indictment he must actually speak for himself or remain mute in order that a valid plea may be entered. And what was said in Garland v. State of Washington, 232 U. S. 642, 34 S. Ct. 456, 58 L. Ed. 772, in overruling Crain v. United States, 162 U. S. 625, 16 S. Ct. 952, 40 L. ed. 1097, as to compliance with ancient formality in respect to arraignment, seems a clear guide to decision on the point now before us. Let the accused be actually present in the court of competent jurisdiction; let

504

the circumstances show clearly that he knew and understood what was being done; let it be made clear that he acquiesced in a plea of guilty then entered for him by his attorney and the plea should have exactly the same force and effect as though he had spoken himself in the words of the attorney. So we hold the plea of guilty valid."

Certiorari was denied in the foregoing case in 57 S. Ct. 943, 301 U. S. 709. See also, U. S. v. Moe, 105 F. (2d) 144; Brown v. U. S. 182 F. (2d) 933, and Cumberland v. Warden of Maryland Penitentiary, 205 Md. 646. Certiorari denied, 75 S. Ct. 344, 348 U. S. p. 929; People v. Freccia, 134 N. Y. S. (2d) 792. Certiorari denied, 349 U. S. 964.

The question presented is one of first impression in this state, but our views coincide with those pronounced in the foregoing cases; hence, we hold that the trial court properly denied the writ.

We find no error in the record and the judgment will be affirmed.

HORNBECK and FESS, JJ, concur.