**Antonio Esquibil LUCERO, Appellant,**

v.

**UNITED STATES of America,**
**Appellee.**

**No. 7758.**

United States Court of Appeals
Tenth Circuit.

Aug. 26, 1964.

John F. Hiatt, Littleton, Colo., for appellant.

John A. Babington, Asst. U. S. Atty. (John Quinn, U. S. Atty., on the brief), for appellee.

Before LEWIS, BREITENSTEIN and SETH, Circuit Judges.

LEWIS, Circuit Judge.

Appellant was indicted within the District of New Mexico in two counts alleging violations of statutory prohibitions against trafficking in narcotics. 21 U.S. C. § 174; 26 U.S.C. § 4705(a). Before pleading to the indictment appellant requested that counsel be appointed to assist him and the court appointed Mr. Joe A. Duran of the New Mexico Bar in that capacity. After entering pleas of not guilty to the charges, appellant in due time proceeded to trial before a jury, which trial resulted in verdicts of guilty

upon each count. From the judgments of conviction entered he now appeals, contending that (a) he did not receive the effective assistance of counsel in fact and (b) he did not receive the assistance of competent counsel as a matter of law because Mr. Duran was then engaged as a Special Assistant Attorney General of New Mexico.

■■ A careful review of the record clearly indicates that, in fact, Mr. Duran's representation of appellant, both in pretrial proceedings and during the trial, was entirely adequate and professionally competent. We find no merit in appellant's contention that he was denied his constitutional right in such regard. Effective representation does not guarantee a subjectively satisfactory result for those accused of crime. Frand v. United States, 10 Cir., 301 F.2d 102; Criser v. United States, 10 Cir., 319 F.2d 849; Hester v. United States, 10 Cir., 303 F.2d 47, cert. den., 371 U.S. 847, 83 S.Ct. 80, 9 L.Ed.2d 82.

■ Appellant's second contention is more troublesome. At the time of Mr. Duran's appointment as appellant's trial counsel the court was not aware that Mr. Duran was, by contract, rendering part-time legal service to the New Mexico State Planning Office and held the title of Special Assistant Attorney General. Nor was Mr. Duran aware of Rule 3(g) of the Rules for the United States District Court for the District of New Mexico, which provides:

"Neither the Attorney General of the State of New Mexico, nor any of his assistants; no District Attorney in the State of New Mexico or any of his assistants, nor any United States Commissioner, shall appear in this court and defend any person charged with an offense against the laws of the United States."

And appellant was aware of neither the rule nor Mr. Duran's service to the State of New Mexico. It was only after a motion for new trial had been denied and appellant had been sentenced that the court learned of Mr. Duran's official state service. The Court then promptly and properly, upon its own motion, conducted a hearing upon the matter, concluded that appellant was in no way prejudiced by his counsel's outside employment and denied a renewed motion for new trial. We hold that under all the circumstances the ruling violated no right of appellant.

Local Rule 3(g) is a rule of general application intended as a procedural safeguard to the integrity of the administration of criminal justice in the federal courts of New Mexico. The rule has no special application to appointed counsel and may be modified "in special cases * * * to avoid injustice. * * * *" under Local Rule 18.[1] In the case at bar Mr. Duran's professional service to the state was limited to "looking through the New Mexico Statutes and taking out the statutes that would be pertinent to cities or counties within the state as to planning zoning laws and other such laws" and "doing work on emergency planning in case of national disaster." The trial court found that Mr. Duran had no conflict of interest in his professional duties, had no authority or special responsibility in the enforcement of criminal law in the State of New Mexico, and that appellant was not prejudiced by the coincidence of Mr. Duran's position as a special assistant attorney general. It was well within the trial court's discretion to refuse strict application of its Rule 3(g) and to treat the rule as having been modified to "avoid injustice." Injustice to the United States, though seldom so termed, is not a phrase without real meaning.

The judgment is affirmed.

[1]. Rule 18 provides:
"Any of the foregoing rules shall, in special cases, be subject to such modification as may be necessary to meet emergencies or avoid injustice and great hardship."