395 P.2d 233

STATE of New Mexico, Plaintiff-Appellee,

v.

Linda Anne MESECHER, Defendant-Appellant.

No. 7486.

Supreme Court of New Mexico.

Sept. 8, 1964.

ing a motor vehicle upon a public highway at a speed greater than limited by a 55 mile an hour speed zone in violation of § 64–18–1.1, N.M.S.A., 1953 Comp. On appeal to the district court she again was convicted and, from the judgment imposing sentence, she has appealed.

It is first contended that the court never acquired jurisdiction in the matter because the citation was not made under oath or affirmation and that the complaint failed to allege the speed and speed limit as required by. § .64–18–7, N.M.S.A., 1953 Comp. and, further, it failed to allege that the appellant was the person who committed the offense. There is .no merit to any of these contentions. It is obvious that the complaint adequately charged the offense of which appellant was convicted.

The formal complaint charging the offense, and upon which appellant was tried, reads:

Smith, Smith & Tharp, Clovis, for appellant.

Earl E. Hartley, Atty. Gen., James V. Noble, James E. Snead, Asst. Attys. Gen., Santa Fe, for appellee.

COMPTON, Chief Justice.

The appellant was convicted in the Justice of the Peace Court of the offense of driv-

"CRIMINAL COMPLAINT

"State of New Mexico      In Justice of the Peace Court,
County of Roosevelt       Precinct No. One    No. 751

"State of New Mexico vs. Linda Anne Mesecher
Docket No. 633

"Bill Eddleman, N.M.S.P., being duly sworn, says that on the 25th day of October, 1962, in this county. and state, the defendant, committed the crime of Speeding contrary to Section 64–18–1.1, New Mexico Statutes Annotated, 1953 Compilation.

Bill Eddleman<br>Complainant

"Subscribed and sworn to before me this 13th day of Nov., 1962.
Eldon W. Whitten J.P."

Moreover, on October 25, 1962, appellant was given a citation to appear before the Justice of the Peace in Portales, New Mexico, on or before October 30, 1962. She signed the citation and agreed to and did voluntarily appear at the time and place stated therein. The citation states that appellant was "speeding 90 M.P.H. 55 zone" * * * "in violation of Sec. 64–18–1.1 NMSA 1953 Comp." Section 64–22–11.3, N.M.S.A., 1953 Comp., pocket parts, provides:

"The uniform traffic citation used as a notice to appear is a valid complaint, though not verified, in the event the person receiving it voluntarily appears in court."

The sufficiency of the evidence to support the judgment is also challenged. In this respect suffice it to say that we have reviewed the record and note that the judgment is supported by substantial evidence. While the appellant testified she was traveling at a speed less than 55 miles per hour in the limited zone, there is ample evidence of a substantial nature by peace officers then checking her speed that she was traveling in excess of 90 miles per hour in the zoned area. The rule is so well established that a judgment must stand where it is supported by substantial evidence that citation of authorities is hardly deemed necessary but see Entertainment Corporation of America v. Halberg, 69 N. M. 104, 364 P.2d 358.

The judgment should be affirmed. It is so ordered.

NOBLE and MOISE, JJ., concur.