428 P.2d 23

**STATE of New Mexico, Plaintiff-Appellee,**
v.
**James Claude LATTIN, Defendant-Appellant.**
Nos. 8301, 8303.

Supreme Court of New Mexico.
May 15, 1967.

Beavers & Caton, John F. Loehr, Farmington, for appellant.

Boston E. Witt, Atty. Gen., Donald W. Miller, Asst. Atty. Gen., Santa Fe, for appellee.

## OPINION

HENSLEY, Jr., Chief Judge, Court of Appeals.

James C. Lattin was charged by an Information in San Juan County in 1960 with the crime of rape. At the same time, in the same county, and in the same manner, he was charged with the crime of murder.

The cases appeared on the criminal docket in the district court of San Juan County as numbers 1967 and 1968 respectively. In April, 1961, in cause number 1968 the defendant entered a plea of guilty to the charge of manslaughter and was thereafter sentenced by the court to serve a term of not less than one year nor more than ten years in the penitentiary. On the same day, the defendant in cause number 1967 entered a plea of guilty to the charge of rape and was thereafter sentenced by the court to serve a term of not less than one year nor more than ninety-nine years in the penitentiary. It was further ordered by the court that the sentences in the two cases would run concurrently. Since that time James C. Lattin has persistently sought to be released from confinement as is indicated in the following cases: Lattin v. Cox, 69 N.M. 498, 368 P.2d 911 (1962); Lattin v. First Judicial District Court, 70 N.M. 128, 371 P.2d 240 (1962); Lattin v. Cox, 71 N. M. 202, 377 P.2d 99 (1963); Lattin v. First Judicial District Court, 71 N.M. 203, 377 P.2d 100 (1963); Lattin v. State, 72 N.M. 116, 380 P.2d 851 (1963); Lattin v. State, 73 N.M. 395, 388 P.2d 398 (1964); Lattin v. Cox, 355 F.2d 397, (10th Cir. 1966).

In 1966, James C. Lattin filed motions in the sentencing court pursuant to the provisions of § 21–1–1 (93), N.M.S.A.1953, After a hearing on the motion and the entry of orders denying the relief in case numbers 1967 and 1968 the defendant now appeals. The cases have been docketed in this court as numbers 8301 and 8303. The relief sought and the grounds relied on being identical in both cases they have been consolidated here for briefing, argument and opinion.

■ The first point submitted by the appellant is that the lower court erred in refusing to adopt the appellant's requested finding that the acts occurred on an Indian Reservation and therefore the trial court was without jurisdiction. Two witnesses, one of whom was the retained trial counsel for the appellant in 1961, testified that the scene of the crime was not on Indian land.

The only conflicting evidence was given by the appellant to the effect that in his opinion the acts occurred within the Reservation. The finding in support of jurisdiction will not be disturbed. Eaton v. Cooke, 74 N.M. 301, 393 P.2d 329.

 Next, the appellant asserts that he was deprived of his right to due process by having been arrested and held without a warrant. The motion filed before the sentencing court alleged that the movant had been held eight days without a warrant after his arrest. The appellant requested the court to find that the defendant had been held for five days without a warrant being served. The record discloses that the appellant was arrested by an officer on February 24th, and two days later was taken before a magistrate, on a completely different charge, which was later dismissed. Warrants were seen by the defendant on the 29th of February and he was served sometime between that date and March 3d when he was arraigned for murder and kidnapping. Under this point the appellant argues 1) lack of probable cause for arrest, 2) failure to obtain a warrant within a reasonable time after arrest, and 3) passage of time between arrest and preliminary hearing operated to deprive the magistrate of jurisdiction. The first proposition was not raised in the lower court. It is not a jurisdictional question and therefore cannot be raised on appeal. Section 21–2–1 (20), N.M.S.A.1953. The second and third propositions argued under this point have been answered by this court in State v. Barreras, 64 N.M. 300, 328 P.2d 74, and State v. Wise, 58 N.M. 164, 267 P.2d 992. Although we do not approve of delay in bringing a prisoner before a magistrate, the delay itself does not affect jurisdiction already acquired. The point thus fails.

 Points three, four, five and six urged by the appellant may be treated together since they each contend that there was a deprivation of constitutional rights. The appellant says 1) that his home and pick-up truck were illegally searched, 2) there was a delay in bringing him before a magistrate, 3) there was a denial of his right to counsel during interrogation, and 4) that he was subjected to cruel and inhuman treatment during confinement. There is no dispute between the parties concerning the unlawful search. On the other hand, the items seized were never used in evidence. Mapp v. Ohio, 367 U.S. 643, 81 S.Ct. 1684, 6 L.Ed.2d 1081. Not having used the evidence that was unlawfully seized there was no deprivation of right insofar as the prosecution of the criminal cases is concerned. The delay in taking the appellant before a magistrate would be a deprivation of his right under the rule of McNabb v. United States, 318 U.S. 332, 63 S.Ct. 608, 87 L.Ed. 819, if it was shown to have prejudiced the appellant's position at trial. Here none was shown. The appellant entered pleas of guilty. Failure to furnish counsel during interrogation is a proposition treated by this court in Sanders v. Cox, 74 N.M. 524, 395 P.2d 353. In that case the objection was made to the lack of counsel prior to a preliminary examination. We held that the sentences imposed were not invalid unless there was also a showing that prejudice resulted. Here the appellant contends that there was prejudice in that he would not have entered pleas of guilty had he not made prior confessions to the law enforcement officers. In effect the sentencing court was expected to assume that the movant would not have made the admissions and confessions if counsel had been present. The trial court did not so find and we will not substitute our judgment for that of the trial court. Another constitutional right claimed by the appellant to have been violated was that cruel and inhuman treatment was imposed upon him during confinement. The evidence before the lower court was conflicting. The treatment complained of by the appellant alleged discomfort, that is, denial of food, water, and restroom facilities. The trial court refused to adopt the requested finding. The evidence being conflicting we refuse to hold that the sentencing court erred where the finding of the court is supported

by substantial evidence. State v. Mesecher, 74 N.M. 510, 395 P.2d 233.

 As indicated by both parties the seventh point presented by the appellant would seem to be the most important. The questions to be answered are whether 1) the trial court erred in finding that the defendant did voluntarily, intelligently and knowingly plead guilty, 2) the trial court erred in finding that the defendant was advised of his constitutional rights and the consequences of his plea, and 3) the trial court erred in finding that the defendant did enter a valid plea of guilty. The evidence here discloses that on the date the trial was to commence negotiations were undertaken between the appellant's attorney and the district attorney. These negotiations were instituted as a result of conferences between the appellant and his attorney. To determine whether the act of pleading guilty is the result of the free volition of the accused or whether it was made as the result of mistake, threats or promises requires a study of facts in each case. One reliable test has been expressed in Lattin v. Cox, 355 F.2d 397, (10th Cir. 1966) thus:

"We believe the evidence available to the court below justified its finding that the plea was voluntary. * * * But the most compelling reason to believe that the plea was voluntary is the fact that at the time the plea was entered, Lattin was represented by a highly capable attorney who had been retained to defend him."

The appellant also argues that the fact that the district attorney agreed that the Habitual Criminal Act would not be invoked was a promise that induced him to plead guilty and thus the plea was involuntary. This argument was put at rest in State v. Robbins, 77 N.M. 644, 427 P.2d 10, filed May 1, 1967, and cases cited therein. Finally, the sentencing court prior to accepting the pleas of guilty questioned the attorney employed by the accused and was informed that the accused had been fully advised of all his constitutional rights. The Court then inquired of the accused if the plea was voluntary on his part to which the defendant replied, "Yes, sir." The court did not err in finding that the defendant voluntarily pleaded guilty and with knowledge of his constitutional rights. The further objection is made that the accused did not know, or was not correctly advised of the possible sentence that might be imposed. The record reflects correctly that the accused was advised of the minimum and maximum penalty that had been prescribed by the Legislature for the crime of rape. The argument advanced by the appellant that he did not know what sentence might be imposed is not worthy of serious consideration. The third attack by the appellant on the validity of his plea of guilty is based on the fact that the uttering of the words was by the attorney and not by the accused. This question has never been answered in New Mexico. It would serve no useful purpose to categorize the jurisdictions and note the early split of authority that existed. The modern trend is well expressed in United States v. Denniston, 89 F. 2d 696, 110 A.L.R. 1296 (2nd Cir., 1937):

"The reason for it has disappeared with the acceptance and use of modern methods which preserve the substance of all the rights of an accused person without so much sacrifice of the rights of the public before the altar of mere form. If an indicted person is actually present in open court with his attorney who is competent to represent him and does so under circumstances which fairly show that the attorney speaks for his client who understands what is being done and its import and who acquiesces when the attorney enters a plea of guilty for him, nothing but a slavish adherence to archaism could underlie a holding that the plea was void."

See also In re Morelli's Petition, Ohio App., 148 N.E.2d 96, 76 Ohio Law Abst. 501. Here the record amply demonstrates the presence, comprehension and participation by the accused in the proceedings. We hold that in a prosecution for the commission of a felony the presence and ac-

quiescence of the accused is essential to a valid plea of guilty. The sentencing court did not err in this instance.

The eighth point urged by the appellant is that the combination of errors, deprivation of constitutional rights and defects in law and procedure amounted to a denial of due process. In other words, the appellant here urges cumulative error. Having found no prejudicial error the argument is without force.

The final objection made is directed to the lower court's conclusions of Law Nos. 3 and 5 wherein the court held that the movant failed to prove any of the allegations of the petition, and that he had not been deprived of any of his constitutional rights. Having reviewed each proposition separately and collectively, we find that no prejudice has resulted to the appellant. We agree with the conclusions of the lower court.

The orders appealed from will be affirmed.

It is so ordered.

COMPTON and CARMODY, JJ., concur.