431 P.2d 748

STATE of New Mexico, Plaintiff-Appellee,

v.

Lloyd Lee HUDMAN, Defendant-Appellant.

No. 8407.

Supreme Court of New Mexico.

Sept. 11, 1967.

W. B. Darden, Las Cruces, for appellant.

Boston E. Witt, Atty. Gen., Donald W. Miller, Asst. Atty. Gen., Santa Fe, for appellee.

## OPINION

HENSLEY, Jr., Chief Judge, Court of Appeals.

In December, 1963, an information was filed in the District Court of Dona Ana County charging Lloyd Hudman with having committed forgery. In due time the defendant was tried, found guilty and sentenced to serve a term in the New Mexico State Penitentiary. Thereafter, petitions were filed in the district courts of Santa Fe

County and Dona Ana County for writs' of habeas corpus. One petition was filed. for a writ of coram nobis in Dona Ana County. The relief sought was not obtain-, ed. The prisoner next filed a motion in the District Court of Dona Ana County to vacate the judgment and sentence. This was done pursuant to the provisions of § 21–1–1(93), N.M.S.A.1953. From an adverse ruling the movant in November, 1966, started this appeal.

■■ Appellant says that the judgment and sentence should be vacated because he was arrested without a warrant and without probable cause. The record discloses that the appellant was arrested by a peace officer and charged with forgery, an offense classed as a third degree felony. Section 40A–16–9, N.M.S.A.1953. In State v. Barreras, 64 N.M. 300, 328 P.2d 74, we held that a peace officer may make an arrest without a warrant when based upon probable cause. See also State v. Deltenre, 77 N.M. 497, 424 P.2d 782. It is well established that a complaint of illegal arrest is not a proper matter to be presented by a motion to vacate a sentence under § 21–1–1 (93), N.M.S.A.1953. See Warren v. United States, 311 F.2d 673 (8th Cir. 1963) and Edwards v. United States, 103 U.S.App.D. C. 152, 256 F.2d 707 (D.C.Cir.1958) cert. den. 358 U.S. 847, 79 S.Ct. 74, 3 L.Ed.2d 820. Hence the objection to the arrest without a warrant is without merit and the assertion that there was no probable cause for the arrest will not be considered.

■■■ it is contended that the judgment and sentence should be vacated because counsel appointed by the court was also the Police Judge for the City of Las Cruces. The appellant's motion in the trial court on this point was based upon the contention that anyone holding a public office, state, county, or city, could not lawfully serve as defense counsel in New Mexico. No statute or court decision within this jurisdiction was offered in support of the claim. We know of no authority that could have been given. The trial court found that the fact that defense counsel was the City Police Judge in no way affected his qualifications or competency in representing the defendant. Examination of the record furnishes ample support for this finding. State v. Burrell, 120 N.J.L. 277, 199 A. 18. Compare Lucero v. United States, 335 F.2d 912 (10th Cir. 1964).

■ The third point relied upon for re-· versal is that the reception into evidence of the defendant's plea of guilty when arraigned before a Justice of the Peace was error. This proposition was not raised in the appellant's motion. It may not here be raised for the first time. State v. Lattin, 78 N.M. 49, 428 P.2d 23.

■ The fourth ground asserted by the appellant for reversal is that his rights under the Fifth Amendment to the Constitution of the United States were violated. Specifically, appellant complains of the fact that a specimen of his handwriting was obtained under a false pretense and used in evidence against him. It is admitted that after arraignment, appointment of counsel, and while the appellant was in jail awaiting trial, the jailer asked the appellant if he would like to write a letter to his wife. The appellant accepted the offer, wrote the letter and handed it to the jailer for censoring and mailing. The jailer then delivered the letter to the police for submission to an examiner of questioned documents. Thereafter the examiner was called as a witness and testified that in her opinion the writing on the forged check was done by the same person who wrote the letter. The evidence was received over the timely objection of the appellant. The Fifth Amendment to the Constitution of the United States, insofar as it is material to the present question provides:

> " * * * nor shall be compelled in any criminal case to be a witness against himself, * * *."

State v. Renner, 34 N.M. 154, 279 P. 66, appears to be the nearest related expression in New Mexico. This case was described in 10 Vanderbilt Law Review 485,

494, as indicating that an exemplar taken involuntarily from an accused while he is in custody and awaiting trial would violate the privilege of self-incrimination. There is no longer any uncertainty on the point. In Gilbert v. State of California, 388 U.S. 263, 87 S.Ct. 1951, 18 L.Ed.2d 1178, decided June 12, 1967, the Supreme Court of the United States said:

> "The taking of the exemplars did not violate the petitioner's Fifth Amendment privilege against self-incrimination. The privilege reaches only compulsion of 'an accused's communications, whatever form they might take, and the compulsion of responses which are also communications, for example, compliance with a subpoena to produce one's papers,' and not 'compulsion which makes a suspect or accused the source of "real or physical evidence" * * *.'"

Schmerber v. California, 384 U.S. 757, 86 S.Ct. 1826, 16 L.Ed.2d 908. See also United States v. Wade, 388 U.S. 218, 87 S.Ct. 1926, 18 L.Ed.2d 1149, decided June 12, 1967, holding that compulsory participation by the accused in a lineup identification procedure without notice to and in the absence of his counsel did not violate his privilege against self-incrimination. Further, it was said that compelling the accused to speak within hearing distance of the witnesses, even to utter words purportedly uttered by the robber, was not compulsion to utter statements of "testimonial" nature. The distinction drawn is between a situation where on the one hand the accused is required to demonstrate a physical characteristic, and on the other where he is required to speak his guilt. Compare, Breithaupt v. Abram, 58 N.M. 385, 271 P.2d 827; State v. Ramirez, 76 N.M. 72, 412 P.2d 246. We conclude that the rights of the appellant guaranteed by the Fifth Amendment were not violated. The conclusion we reach on the law is in no way to be construed as an approval of the methods employed by the police in this case.

Finally, the appellant would have the judgment and sentence vacated because his attorney failed to advise him of his constitutional rights. The appellant here attributes his conviction to the incompetence of his court appointed counsel. The burden of sustaining this charge was on the appellant. State v. Moser, 78 N.M. 212, 430 P.2d 106, decided July 17, 1967. We have carefully examined the record of the trial and conclude that counsel was competent and discharged his obligation to the appellant with all due diligence.

The order of the trial court denying the relief sought should be affirmed.

It is so ordered.

CHAVEZ, C. J., and MOISE, J., concur.