446 P.2d 883

**STATE of New Mexico, Plaintiff-Appellee,**

v.

**Thomas FRANKLIN, Defendant-Appellant.**

**No. 8611.**

Supreme Court of New Mexico.

Nov. 8, 1968.

Tom W. Neal III, C. M. Neal, Hobbs, for defendant-appellant.

Boston E. Witt, Atty. Gen., Spencer T. King, Asst. Atty. Gen., Santa Fe, for plaintiff-appellee.

## OPINION

MOISE, Justice.

In State v. Franklin, 78 N.M. 127, 428 P.2d 982 (1967), we reversed a judgment of the trial court denying petitioner post-conviction relief under Rule 93 (§ 21-1-1(93), N.M.S.A.1953). Our reversal was predicated upon the showing in the record that the trial court had made its ruling without any inspection of the files and records in the case, but solely upon representations of court-appointed counsel. It was the holding of this court that no proper basis was thereby furnished to support the court's decision and, further, that no proper record was present to rule upon claimed defects and errors in the pretrial and trial proceedings.

Upon remand, a full hearing was granted appellant at which hearing he was represented by counsel. Testimony of appellant and his two former court-appointed attorneys was presented. In addition, the court had before it and considered, the court file, the transcript of the preliminary hearing, the transcript of that part of the trial attacked by appellant, the arrest and arraignment records of the police and committing magistrate, and correspondence between appellant and one of his former attorneys. At conclusion of the hearing the court made detailed findings of fact and conclusions. From the order denying appellant the relief sought this appeal has been taken.

At his first point, appellant reargues the issue held against him in the former appeal to the effect that he was denied no state or federal constitutional right when he was proceeded against by information rather than by grand jury indictment. He advances no arguments here that impress us that we should retreat from our holding in this regard.

In the previous appeal we noted that eight additional points had been asserted but not argued, and we did not consider them because of the inadequacy of the record before us. The eight points previously asserted and not ruled on are again presented. None of them has merit. Neither do they deserve any extended discussion. However, to put them to rest we will note each point and rule on it.

Appellant claims his conviction was illegal because he made inadmissible statements to the police or district attorney. However, appellant testified he made no statement and the court so found. The point is frivolous as not in accord with the uncontradicted facts and the findings of the court. Compare State v. Simien, 78 N.M. 709, 437 P.2d 708 (1968), where trial court's findings supported by substantial evidence were held conclusive on appeal.

Appellant, in his next point, argues illegality of his conviction because of an

asserted denial of counsel at a critical stage of the proceedings. However, the court found that he was represented by counsel before the preliminary hearing and at all times thereafter. Our attention is not directed to any contrary evidence, or to what critical stage he refers. Neither does he claim prejudice. This point is also frivolous. Compare State v. Apodaca, 78 N.M. 412, 432 P.2d 256 (1967).

Next, appellant asserts his conviction was illegal because he was not adequately represented by counsel. He does not undertake to specify how the representation fell short of what might be considered adequate, and the court found appellant was ably and competently represented. The burden of establishing inadequacy of counsel was on appellant, and when he does not assert or attempt to prove particular shortcomings we see no basis for reviewing the court's finding. Compare State v. Apodaca, supra; State v. Walburt, 78 N.M. 605, 435 P.2d 435 (1967); State v. Hudman, 78 N.M. 370, 431 P.2d 748 (1967); State v. Moser, 78 N.M. 212, 430 P.2d 106 (1967).

Claim is made that appellant's conviction was illegal because he was not given separate trials on each count of the information. However, the record discloses, and the court found, no motion seeking a severance was advanced. The court further found appellant was not prejudiced. No basis for relief was presented by the point.

It is claimed that appellant had no preliminary hearing on the forgery charge. The trial court found he did. Once again, appellant's attack on the finding is not supported by the record before us. We will not disturb the finding. State v. Simien, supra.

Illegality of the conviction is argued because of a claimed illegal search and seizure. Appellant testified that he gave permission to search his apartment. There is no showing of what was seized, if anything. The court found there had been a search of the house occupied by a witness but this was with her consent. The testimony supports the finding that any search made was with consent, and lawful.

Appellant complains his conviction was illegal because he was interrogated apart from other witnesses during the investigation. He does not cite any authority for the claimed right not to be questioned apart from other witnesses. Neither are we aware of any such rule. The point is held to be without merit. The same can be said of appellant's claim that his conviction was illegal because the jurors should have been called and picked, one at a time, and to do otherwise constituted improper impaneling. The court found the jury properly impanelled, and nothing to the contrary is called to our attention. The claim is frivolous. See § 19–1–35, N.M.S.A.1953.

Complaint is made that the forgery sentence was improper. We do not know the basis for the claim but assume it arises from the fact the trial court directed it should be served consecutively to the other sentences, and not concurrently, or because appellant asserts he did not know what sentence was provided by law. We are not aware of any rule which supports appellant's contention, and hold the point against appellant.

Finally, it is argued that the conviction is illegal because appellant was arrested without probable cause, and because he was held an unreasonable length of time before arraignment. Neither of these complaints, without more, furnishes grounds for postconviction relief under Rule 93, supra. See State v. Simien, supra, and State v. Hudman, supra, on the matter of arrest without probable cause, and State v. Lattin, 78 N.M. 49, 428 P.2d 23 (1967), on the question concerning delay in arraignment.

Having found no merit in any of appellant's points, the judgment appealed from is affirmed. It is so ordered.

COMPTON and CARMODY, JJ., concur.