OPINION
This is a delayed appeal from a judgment of conviction entered January 4, 1993. Carl Keaton was indicted for aggravated robbery — R.C. 2911.01(A)(1) — together with a firearm specification (Count I) and possession of criminal tools (Count I). Pursuant to plea negotiations wherein Keaton was represented by experienced counsel, the State, without objection by Keaton, amended the aggravated robbery charge to robbery, retaining the firearm specification, and dismissed the possession of criminal tools charge. Keaton pleaded guilty. The trial court imposed the State's recommended sentence of 5-15 years consecutive to 3 years actual incarceration on the firearm specification. On appeal, Keaton advances three assignments of error.
 THE TRIAL COURT ERRED TO THE PREJUDICE OF APPELLANT (A) IN PERMITTING AN AMENDMENT OF THE INDICTMENT WHICH CHANGED THE NAME AND IDENTITY OF THE CRIME CHARGED, AND (B) IN ENTERING JUDGMENT OF CONVICTION FOR AN OFFENSE FOR WHICH APPELLANT WAS NOT INDICTED, WHICH JUDGMENT AND THE RESULTING SENTENCE THE TRIAL COURT WAS WITHOUT SUBJECT MATTER JURISDICTION TO IMPOSE, IN VIOLATION OF APPELLANT'S RIGHT TO DUE PROCESS OF LAW UNDER THE OHIO AND UNITED STATES CONSTITUTIONS.
The gist of the first assignment is that robbery is not a lesser included offense of aggravated robbery and that, therefore, Keaton could not have lawfully been convicted of robbery, for which he was not indicted and which is not a lesser included offense of the indicted offense. State v. Hreno (1954), 162 Ohio St. 193,196-7. Keaton cites four appellate opinions in support of this assignment, three of which involve the situation in this case: a negotiated plea to a less serious offense which is not a lesser included offense of the indicted offense. State v.Fletchinger (Cuyahoga 1977), 51 Ohio App.2d 73; State v. Mancini
(1-7-1992), Cuyahoga App. No. 63892, unrep.; State v. Higgs
(Trumbull 1997), 123 Ohio App.3d 400. While these cases support Keaton's position they seem to have been decided without reference to Stacy v. Van Coren (1969), 18 Ohio St.2d 188, wherein the court stated at 189-90:
 Thus, the question before the court is whether habeas corpus lies where one is indicted for one crime and, without further action by indictment or information, pleads guilty to a different crime.
 The facts in the present case show that petitioner was properly before the court as a result of the return of a valid indictment charging him with a felony, the basis of which crime was assault. Thus, the court had jurisdiction over both the person of the petitioner and the subject matter of the crime. Under such circumstances the petitioner, while represented by counsel, entered a plea of guilty to a crime created by the same section of the Revised Code as the one for which he had been originally indicted, and which also had assault as the principal element therein.
 The proper procedure in this case would have been either the return of another indictment or for the petitioner to formally waive prosecution by indictment and agree to a prosecution by information. However, the fact that he did not do so but proceeded to plead to a different offense does not void his conviction. The petitioner's actions under the circumstances of this case, in voluntarily entering a plea of guilty while represented by counsel, constituted a wavier of his constitutional right to indictment or information. Although such procedure may be erroneous it does not affect the validity of his conviction. See Midling v. Perrini (1968), 14 Ohio St.2d 106 (syllabus: "Where a defendant, while represented by counsel, pleads guilty to an offense and is sentenced, the judgment of conviction cannot be collaterally attacked on the ground that the indictment fails to state one or more essential elements of the offense. * * *").
 The fact that the return of an indictment to charge one with a crime is a constitutional right does not prevent its waiver. Constitutional rights, as any other rights, may be waived. As was said in Yakus v. United States, 321 U.S. 414, at 444:
 "No procedural principle is more familiar to this court than that a constitutional right may be forfeited in criminal as well as civil cases by the failure to make timely assertion of the right before a tribunal having jurisdiction to determine it. * * *"
 Thus, it has been held that an accused may waive the right to an indictment (Ex parte Stephens, 171 Ohio St. 323; Smith v. United States, 360 U.S. 1); right to public trial (Singer v. United States, 380 U.S. 24, 35); right to trial by jury (Patton v. United States, 281 U.S. 276, 290); and right to confrontation of witnesses (Brookhart v. Janis, 384 U.S. 1).
 It is, of course, well established that a waiver can be accomplished by acts or conduct as well as words. 16 American Jurisprudence 2d 328, Constitutional Law, Section 131. The petitioner's conduct in the instant case by pleading guilty while represented by counsel constituted a waiver.
 The petitioner in the instant case is in no position to urge such issue as error inasmuch as he voluntarily joined in the procedure. In other words, if error exists he induced or invited it by his own conduct, and under such circumstances he cannot rely upon it to attack his conviction. Mercelis v. Wilson, 235 U.S. 579; State v. Glaros, 170 Ohio St. 471; Weaver v. Sacks, 173 Ohio St. 415; and 5 Corpus Juris Secundum 857, Appeal and Error, Section 1501.
Van Coren was cited with approval by the court in State ex rel.Beaucamp v. Lazaroff (1997), 77 Ohio St.3d 237, 38. Despite the appellate opinions to the contrary, we believe Van Coren controls the disposition of this assignment.
Here, counsel negotiated a reduction of the first degree aggravated felony of aggravated robbery to the second degree aggravated felony of robbery, together with a dismissal of a second charge. This was a favorable outcome for Keaton and we believe that the waiver of indictment recognized in Van Coren
should foreclose success on this assignment of error. This is not a situation where the defendant objected to the amendment of the indictment, such as was the situation in State v. Rihm (1995),101 Ohio App.3d 626, cited by Keaton.
The first assignment is overruled.
 THE TRIAL COURT ERRED TO THE PREJUDICE OF APPELLANT, AND IN VIOLATION OF APPELLANT'S RIGHTS UNDER THE DUE PROCESS CLAUSE OF THE FOURTEENTH AMENDMENT AND ART. I. SEC. 16 OF THE OHIO CONSTITUTION, BY ENTERING JUDGMENT OF CONVICTION UPON A PURPORTED PLEA OF GUILTY WHICH WAS NOT PERSONALLY MADE BY APPELLANT.
Keaton contends that he should not be held to his plea of guilty to robbery because it was entered by his counsel rather than by him personally.
After laying out the terms of the negotiated plea, the following discussion occurred:
 PROSECUTOR: So at this time, pursuant to those terms, the State would move to amend the indictment to delete Count Two and provide that change, the language of Count One so that Count One states that on or about the 4th day of January, 1992, at Clark County, Ohio, Carl A. Keaton did threaten the immediate use of force against another in committing a theft offense, in violation of Revised Code Section 2911.02. Specification, the grand jurors further find and specify that this offender had a firearm under his control while committing this offense.
 THE COURT: Thank you, Mr. Smith. Mr. Rion, is that a correct and complete statement of the negotiated plea?
MR. RION: It is, Your Honor.
 THE COURT: Do you wish to change your plea to the amended indictment in Count One?
MR. RION: Yes, sir.
THE COURT: What plea will you enter?
MR. RION: Guilty, sir.
 THE COURT: Mr. Keaton, did you understand this negotiated plea that was stated by the prosecuting attorney?
DEFENDANT: Yes, sir.
 THE COURT: Do you understand that under this negotiated plea, the prosecuting attorney is dismissing Count Two of the indictment charging you with possession of criminal tools and to Count One of the indictment as amended to a charge of robbery with a specification that you had a firearm under your control during the commission of this offense your attorney, Mr. Rion, has entered a guilty plea on your behalf to Count One as amended.
Do you understand this?
DEFENDANT: Yes, sir.
 THE COURT: Now, do you understand the nature of the charge against you, the charge of robbery with a specification of a firearm?
DEFENDANT: Yes, sir.
 THE COURT: Have you discussed the facts of the case with your lawyer?
DEFENDANT: Yes, sir.
 THE COURT: Do you understand this plea of guilty admits that you committed this offense and, as a consequence of this plea of guilty being entered by you, you are subject to the possible maximum sentence being imposed, which is a sentence of a term of 8 years' minimum to 15 years' maximum. This is an aggravated felony of the second degree, and it also carries a maximum fine of $7,500. There's also a sentence of three years of actual incarceration by use of a firearm during this offense.
You understand that.
DEFENDANT: Yes, sir.
 THE COURT: Now, do you understand under this negotiated plea, the prosecuting attorney is recommending that the Court sentence you at this time to a term of five years' minimum to 15 years' maximum and, in addition, a term of three years for the use of the firearm.
DEFENDANT: Yes, sir.
 THE COURT: And which there will be no probation. This is a nonprobationable offense. You will have the three years' actual incarceration and the term of 5 to 15 years.
You understand that?
DEFENDANT: Yes, sir.
 THE COURT: Now, do you understand that you have a right to have a trial by a jury on this charge and you have a right to require that the State of Ohio prove you guilty beyond a reasonable doubt by a unanimous verdict of a jury and you have a right to confront any witnesses against you. You have a right to compel the attendance of any witnesses on your behalf. You can subpoena people to testify for you. You also have a right against self-incrimination. You cannot be forced to testify against yourself. Whether or not you testify at trial will be your own choice.
Do you understand these rights?
DEFENDANT: Yes, sir.
 THE COURT: Do you understand you're giving up these rights by pleading guilty at this time?
DEFENDANT: Yes, sir.
THE COURT: Do you still wish to plead guilty?
DEFENDANT: Yes, sir.
THE COURT: Is this a voluntary plea by you?
DEFENDANT: Yes, sir.
 THE COURT: Do you understand the nature of the charge and consequence of your plea?
DEFENDANT: Yes, sir.
In 1956, this court in In re Petition of Morelli, 76 O.L.A. 501, stated:
 It would seem to us that representations made to the Court by the defendant's counsel and in his presence, that it is his desire to change his plea to guilty, would constitute good cause for the Court accepting such a change. The power is a discretionary one and we think that it was properly exercised. We recognize that there is a conflict in the authorities on the question presented, but our examination of the same leads us to the conclusion that the greater weights holds that a plea of guilty when entered by counsel has the same force and effect as a plea personally entered by the accused when the latter is present in court and the circumstances are such as to show clearly that the accused understands what is being done and acquiesces therein. See 22 C.J.S., Section 422, page 652. In U.S. v. Denniston, 89 F.2d 696, in discussing a similar question, Justice Chase well states the reasons for the Court's conclusion, at page 698, to wit:
 "But there is a technical objection to the plea itself. It is argued that as it was entered by the attorney and not by the appellant personally it is of no effect. While it is true that in ancient times when the rights of an accused were comparatively few much stress was laid upon the formality of arraignment and plea, especially in felony cases, and plenty of authority may be found to the effect that a plea of guilty at common law had to be made by the accused himself after he had been adequately identified, we are not disposed to subscribe to such rigidity of procedure. The reason for it has disappeared with the acceptance and use of modern methods which preserve the substance of all the rights of an accused person without so much sacrifice of the rights of the public before the alter of mere form. If an indicted person is actually present in open court with his attorney who is competent to represent him and does so under circumstances which fairly show that the attorney speaks for his client who understands what is being done and its import and who acquiesces when the attorney enters a plea of guilty for him, nothing but a slavish adherence to archaism could underlie a holding that the plea was void. When the essential presence of an accused in the court having jurisdiction is a fulfilled condition, there is no express requirement in the federal law that in pleading to an indictment he must actually speak for himself or remain mute in order that a valid plea may be entered. And what was said in Garland v. State of Washington, 232 U.S. 642, 34 S.Ct. 456, 58 L.Ed. 772, in overruling Crain v. United States, 162 U.S. 625, 16 S.Ct. 952, 40 L.Ed. 1097, as to compliance with ancient formality in respect to arraignment, seems a clear guide to decision on the point now before us. Let the accused be actually present in the court of competent jurisdiction; let the circumstances show clearly that he knew and understood what was being done; let it be made clear that he acquiesced in a plea of guilty then entered for him by his attorney and the plea should have exactly the same force and effect as though he had spoken himself in the words of the attorney. So we hold the plea of guilty valid."
More recently, the Court of Appeals for Allen County observed:
 Notably, Crim. R. 11 does not require that the defendant himself must orally give his plea to the trial court, thereby not prohibiting the defendant's counsel from orally entering the plea, as long as the remainder of Crim. R. 11 is complied with.
State v. Nathan (1995), 99 Ohio App.3d 722, 726.
Certainly the preferred practice is for the trial court to have the defendant personally vocalize his guilty plea. Based on the foregoing, however, we find no infirmity warranting reversal and the second assignment of error is overruled.
 THE TRIAL COURT ERRED TO THE PREJUDICE OF APPELLANT BY ACCEPTING APPELLANT'S PURPORTED GUILTY PLEA AND ENTERING JUDGMENT OF CONVICTION WITHOUT SUFFICIENTLY COMPLYING WITH THE REQUIREMENTS OF CRIM. R. 11(C)(2), IN VIOLATION OF APPELLANT'S RIGHT TO DUE PROCESS OF LAW UNDER THE FOURTEENTH AMENDMENT TO THE U.S. CONSTITUTION AND ART. I. SEC. 16 OF THE OHIO CONSTITUTION.
Under this assignment, Keaton seeks reversal on the basis of several perceived deficiencies in the Crim. R. 11 colloquy between himself and the trial court. In considering his assignment, we are guided by the proposition that the trial court is required to substantially comply with the requirement of Civ. R. 11, State v.Stewart (1977), 51 Ohio St.2d 86, and the additional proposition that substantial compliance means that under the totality of the circumstances the defendant subjectively understands the implications of his plea and the rights he is waiving. State v.Nero (1990), 56 Ohio St.3d 106, 108.
Keaton first contends that the trial court failed to inform him and determine that he understood that upon acceptance of his plea, it could proceed with judgment and sentence. Crim. R. 11(C)(2)(b). While Keaton is correct that the trial court did not so inform him, there can be little doubt that Keaton did understand that the court could proceed to judgment and sentence after accepting his guilty plea. The trial court informed Keaton, and Keaton acknowledged, he was ineligible for probation. Immediately following the proceedings quoted above, the trial court invited Keaton's counsel to speak to disposition of the charges. Counsel proceeded to do so without asking for a presentence investigation and, indeed, acknowledged the considerate treatment Keaton had received from the trial court. After hearing statements from Keaton himself and counsel for the State, the trial court asked Keaton's counsel if there was "any reason why sentence should not now be pronounced" to which counsel replied that there was not. The trial court indicated it had read a psychiatric evaluation of Keaton. Based on the foregoing, we are satisfied that Keaton realized the trial court could proceed to disposition even though the trial court did not expressly tell him so, and that this deficiency had no appreciable effect on the efficiency of the plea proceedings.
Keaton next contends that the record fails to demonstrate that he understood the nature of the amended charge of robbery. Crim. R. 11(C)(2)(a). As can be seen from the above quoted proceedings, the prosecutor provided a recitation of the essential elements of robbery and the firearm specification. Shortly thereafter, Keaton stated he understood the nature of the charge, and that he had discussed the facts with his counsel. Finally, in their statements pertaining to disposition, defense counsel admitted that Keaton participated in robbing a restaurant and the State observed:
 Well, just to point out, Your Honor, regardless of who was the instigating factor and driving force of the actions of Mr. Keaton and Mr. Black, it was Mr. Keaton who got out of the car that they were driving and entered the Melody restaurant with the gun and pointed that gun at several of the people that work there and traumatized them as a result of his actions and stealing the money from the restaurant.
We appreciate the requirement of Crim. R. 11(C)(2) that the trial court ascertain a defendant's understanding of the nature of the charge before accepting a guilty plea. However, the statements of counsel as to disposition serve to bolster Keaton's statement prior to the trial court's acceptance of his plea that he understood the nature of the offense of robbery. The record is more than adequate to demonstrate Keaton's understanding of the charge of robbery.
Finally, Keaton contends that the trial court's merely telling him he was giving up "(the) right to confront any witnesses against (him)" was insufficient to inform him that he was giving up the right to cross-examine those witnesses. Crim. R. 11(C)(2)(c). While the court might have elaborated more on the meaning of "confrontation", it utilized the language of the rule which certainly satisfied its obligation to substantially comply with Crim. R. 11. Likewise, the trial court substantially complied with Crim. R. 11 when it explained all of the rights that are waived by a plea of guilty before asking Keaton if he understood and waived those rights.
The assignment is overruled.
The judgment will be affirmed.
BROGAN, J., and YOUNG, J., concur.