ROSE v. UNITED STATES.

(Circuit Court of Appeals, Fourth Circuit. February 5, 1924.)

No. 2127.

1. Criminal law ⬦1149—Indictment and information ⬦132(3)—Compelling an election between counts discretionary, and not reviewable, save for abuse.

Compelling an election between counts in an indictment is within the judicial discretion of the trial court, and its action is not reviewable. unless there has been an abuse of discretion.

2. Criminal law ⬦1176—Connection of judge with former indictment of defendant held not ground for reversal.

The fact that the name of the trial judge, who had previously been district attorney, was signed to prior indictment against defendant, based

on some of the transactions charged in the later indictment, *held* not ground for reversal, under Judicial Code, § 269, as amended by Act Feb. 26, 1919 (Comp. St. Ann. Supp. 1919, § 1246), where the judge had no personal knowledge of defendant or the case until it was called to his attention after the trial.

In Error to the District Court of the United States for the Eastern District of Virginia, at Norfolk; D. Lawrence Groner, Judge.

Criminal prosecution by the United States against Harry Rose. Judgment of conviction, and defendant brings error. Affirmed.

Harry H. Kanter, of Norfolk, Va., for plaintiff in error.

Lester S. Parsons, Asst. U. S. Atty., of Norfolk, Va.

Before WOODS, WADDILL, and ROSE, Circuit Judges.

ROSE, Circuit Judge. The plaintiff in error, defendant below and hereafter so styled herein, was tried upon an indictment of 14 counts, each of which charged him with having mailed a letter in furtherance of a scheme to defraud devised by him. Nine of the counts alleged a scheme to defraud those who sold him goods, while the remaining 5 set forth an artifice by which he undertook to cheat his selling agents out of small sums he required them to deposit with him.

[1] Defendant assigns error to the overruling of his motion to compel the government to elect between these two sets of counts. Whether an election shall be ordered, and, if so, at what stage of the case is a matter usually within the judicial discretion of the trial judge, and not reviewable on writ of error, unless there has been such an abuse in its exercise as is not found here. Defendant's complaint that the evidence did not justify a verdict of guilty is not well founded.

[2] The remaining assignment raises a somewhat unusual question. Before the elevation of the District Judge to the bench, he had been the attorney of the United States for the district. In that capacity his name was signed to an indictment against the defendant, based upon some of the same transactions as those upon which the succeeding attorney of the United States preferred the one upon which the defendant was tried and convicted. Until after the verdict of the jury, every one concerned had lost sight of the existence of the earlier indictment. There were and are several assistants in the office of the United States attorney for the Eastern district of Virginia and many prosecutions are there instituted. If the learned judge, when he was the United States attorney for it, had ever heard of the defendant, or of the offenses which he was supposed to have committed, all recollection of him and of them had passed out of his mind. Under such circumstances, it would be absurd to suggest that the rights of the defendant could have been prejudiced. Section 269, Judicial Code, as amended by Act of February 26, 1919, 40 Stat. 1181 (Comp. St. Ann. Supp. 1919, § 1246); Utz & Dunn Co. v. Regulator Co., 213 Fed. 315, 130 C. C. A. 17.

Affirmed.