430 P.2d 105

STATE of New Mexico, Plaintiff-Appellee,

v.

Louis Sandel WILLIAMS, Defendant-Appellant.

No. 8218.

Supreme Court of New Mexico.

July 17, 1967.

David L. Norvell, Clovis, for appellant.

Boston E. Witt, Atty. Gen., Carl P. Dunifon, Gary O. O'Dowd, Asst. Attys. Gen., Santa Fe, for appellee.

OPINION

SPIESS, Judge, Court of Appeals.

The defendant, Louis S. Williams has appealed from an order denying his motion for post conviction relief under Rule 93 (§ 21–1–1(93) N.M.S.A., 1953).

On March 28, 1962, he entered a plea of guilty, with advice of counsel, to an information charging him with making and uttering a worthless check with intent to defraud and was sentenced to imprisonment in the state penitentiary as provided by the applicable statute.

Two of the grounds alleged in the motion for revocation of sentence in the trial court are urged here. The first ground as stated by Williams is as follows:

"PETITIONER MAKES KNOWN AND ALLEGES THAT HIS ARREST IN LOS ANGELES, CALIFORNIA ON OR ABOUT NOVEMBER 15, 1961, AND SUBSEQUENT ARRESTS AND DETENTIONS ON WARRANTS INSTIGATED BY CURRY COUNTY AUTHORITIES AND ISSUED BY THE UNITED STATES COMMISSIONER IN ALBUQUERQUE, NEW MEXICO, ON A FEDERAL CHARGE OF INTERSTATE FLIGHT TO AVOID PROSECUTION FOR ISSUING A WORTHLESS CHECK WERE ILLEGAL AND UNCONSTITUTIONAL. THAT PETITIONER DID NOT LEAVE THE STATE OF NEW MEXICO WITH KNOWLEDGE OF POSSIBLE PROSECUTION NOR DID HE LEAVE WITH INTENT TO AVOID PROSECUTION. THAT PETITIONER WAS DISCHARGED FROM SERVICE (U. S. AIR FORCE) CANNON AIR FORCE BASE, CLOVIS, NEW MEXICO, ON JUNE 16, 1961, AND ON SAME DATE RETURNED TO HIS HOME (VIA GOVERNMENT EXPENSE) IN OKLA-

HOMA CITY, OKLAHOMA AND THEREAFTER SOUGHT EMPLOYMENT IN LOS ANGELES, CALIFORNIA."

 It appears that although the defendant entered a voluntary plea of guilty he now undertakes to attack the conviction and sentence on the claim that he was illegally arrested. The conviction and sentence are not vulnerable to attack under Rule 93 upon the ground stated in that they rest wholly upon the plea, and illegality of arrest, if true, was waived by the guilty plea. Mahler v. United States, 333 F.2d 472 (10th Cir. 1964); Cf. Maxie v. Cox, 357 F.2d 335 (10th Cir. 1966); Gallegos v. Cox, 358 F.2d 703 (10th Cir. 1966).

In Mahler v. United States, supra, the court considering a like contention noted:

"A plea of guilty voluntarily made forecloses an accused's right to object to the manner in which he was arrested or how the evidence may have been obtained against him. The plea is a waiver of all non-jurisdictional defenses and a sentence which follows such a plea of guilty is the result of the plea and not the evidence theretofore obtained."

See also Davis v. United States, 347 F.2d 374 (10th Cir. 1965).

Defendant's final contention in his language is as follows:

"PETITIONER FURTHER MAKES KNOWN THAT HIS EXTRADITION TO THE STATE OF NEW MEXICO ON OR ABOUT MARCH 25, 1962, WAS ILLEGAL AS SAME WAS IN DEFIANCE OF FEDERAL STATUTES, PURSUANT TO THE EXTRADITION OF ACCUSED FELONS. THAT WARRANTS ISSUED AND EXISTING FOR PETITIONER'S ARREST AND EXTRADITION WERE NOT ACCOMPANIED BY NOR ATTACKED WITH A GRAND JURY INDICTMENT AS REQUIRED BY FEDERAL LAW."

■ This contention insofar as it is based on illegal extradition is without merit.

Following a plea of guilty illegality in extradition like illegality of arrest or detention is not a ground for attack under Rule 93. Mahler v. United States, supra, and Davis v. United States, supra; Cf. Cox v. United States, 351 F.2d 280 (8th Cir. 1965); Foster v. United States, 345 F.2d 675 (6th Cir. 1965); Warren v. United States, 311 F.2d 673 (8th Cir. 1963); United States v. Wagner, 309 F.2d 7 (6th Cir. 1962).

If the defendant likewise asserts that being charged by information violates a federal constitutional requirement of a grand jury indictment we hold such contention to be without merit on the authority of State v. Franklin, (June 30, 1967), 78 N.M. 127, 428 P.2d 982.

The order appealed from should be affirmed and

It is so ordered.

CHAVEZ, C. J., and COMPTON, J., concur.