433 P.2d 506

**STATE of New Mexico, Plaintiff-Appellee,**

v.

**Jimmy REYES, Defendant-Appellant.**

**No. 66.**

Court of Appeals of New Mexico.

Oct. 27, 1967.

James D. Durham, Jr., Clovis, for appellant.

Boston E. Witt, Atty. Gen., Gary O'Dowd, Asst. Atty. Gen., Santa Fe, for appellee.

## OPINION

SPIESS, Judge.

Defendant appellant Jimmy Reyes has appealed from an order of the district court denying his motion for post conviction relief filed under Rule 93 (21–1–1 (93), N.M.S.A., 1953).

The motion includes three grounds for relief all of which are re-asserted here. The denial of the motion by the trial court was upon the ground "that all allegations contained therein are without merit." In our opinion this disposition of the motion was correct.

Defendant was convicted of armed robbery in the district court of Curry County and sentence was imposed in accordance with the applicable statute. He first contends that the district court was without jurisdiction to try the cause and likewise lacked jurisdiction to impose sentence.

It is a fundamental rule that the burden of demonstrating want of jurisdiction. rests upon the party asserting .such want, particularly where the challenge is applied to a court exercising general jurisdiction as is the case here.

The argument portion of defendant's brief as it relates to his challenge to jurisdiction states only the bald conclusion that the court lacked jurisdiction. No reason or ground is presented upon which defendant's conclusion is based.

■■ Although we undertake to determine all appeals presented to us on the merits it is nevertheless incumbent upon appellant to affirmatively demonstrate what error, if any, it is contended was committed by the court below. The mere statement of the conclusion does not suffice to present a question for review. State v. Crouch, 77 N.M. 657, 427 P.2d 19 (1967).

■ The next question presented is whether § 14 of Article II of the New Mexico State Constitution permitting felonies to be charged by information violates either the Fifth Amendment requirement of a grand jury indictment or the due process clause of the Fourteenth Amendment to the Constitution of the United States. The defendant acknowledges that the precise question presented here was settled in Hurtado v. People of the State of California, 110 U.S. 516, 4 S.Ct. 111, 28 L.Ed. 232, wherein the Supreme Court of the United States held, that the Fifth Amendment requirement for a grand jury indictment was not applicable to the states.

Defendant, however, argues that this court should nevertheless recognize that an accused has a fundamental right of indictment rather than being charged with a felony by information and we should so declare. We find no satisfactory reason to warrant such declaration.

The New Mexico Supreme Court has recently said that the provisions of Section 14, Article II of the New Mexico Constitution permitting the prosecution of a felony by information does not violate either the Fifth Amendment requirement of a grand jury indictment nor the due process clause of the Fourteenth Amendment of the Constitution of the United States. State v. Franklin, 78 N.M. 127, 428 P.2d 982 (1967); State v. Williams, 78 N.M. 211, 430 P.2d 105 (1967).

Section 14 of Article II of the New Mexico State Constitution is clear, unambiguous and by its express language authorizes the charge and prosecution of felonies by information. It is not for the court to question the wisdom or justice of the constitutional provision.

■ Defendant finally contends that he was deprived of his rights under the Constitution of New Mexico by the district attorney, justice of the peace and district judge in that their actions violated Article XX, Section 20 of the constitution. The particular section is as follows:

"Any person held by a committing magistrate to await the action of the grand jury on a charge of felony or other infamous crime, may in open court with the consent of the court and the district attorney, to be entered upon the record, waive indictment and plead to an information in the form of an indictment filed by the district attorney, and further proceedings shall then be had upon said information with like force and effect as though it were an indictment duly returned by the grand jury."

Defendant's argument as stated by him is "when a person is arrested before an information is filed, that person is forthwith entitled to grand jury action in his case and the subsequent filing of an information violates Article XX, Section 20, of the constitution."

We find nothing in the language of the constitutional provision involved which supports or tends to support defendant's position. This argument must, therefore, be rejected.

For the reason stated the order appealed from should be affirmed.

It is so ordered.

HENSLEY, Jr., C. J., and OMAN, J., concur.