439 P.2d 565

**Narciso FLORES, Petitioner-Appellant,**

**v.**

**STATE of New Mexico, Respondent-Appellee.**

**No. 116.**

Court of Appeals of New Mexico.

March 22, 1968.

**48**

R. C. Garland, J. Benson Newell, Las Cruces, for appellant.

Boston E. Witt, Atty. Gen., Paul J. Lacy, Asst. Atty. Gen., Santa Fe, for appellee.

## OPINION

SPIESS, Chief Judge.

Narciso Flores appeals from the denial of his motion for post conviction relief filed pursuant to Rule 93, § 21-1-1(93), N.M.S.A.1953.

Appellant was tried and convicted of armed robbery by a jury of Dona Ana County with the Honorable Edward E. Triviz, District Judge, presiding. Defendant was sentenced to serve a term in the state penitentiary. By his pro se Rule 93 motion defendant asserts that he was deprived of his liberty without due process of law contrary to the constitutions of the United States and State of New Mexico and was denied a fair and impartial trial as guaranteed by the Sixth Amendment of the Constitution of the United States.

The following facts were presented by defendant in support of his motion. In July of 1963 defendant retained Judge Triviz, then a practicing attorney, to represent him for a specified fee in a criminal action then pending against defendant. The full amount of the fee was never paid

and it further appears that the action was dismissed during the year 1963.

In August of 1963 defendant again requested Judge Triviz to represent him in another matter but Judge Triviz refused for the reason that defendant had not paid the previous fee. There was no further contact between defendant and Judge Triviz until the time of his trial for armed robbery in December of 1966, with one possible exception; defendant says that his mother was going to contact Judge Triviz to represent him on a worthless check. charge in 1965; that the defendant was out of prison at the time on parole which then was revoked and consequently representation became unnecessary.

We consider it appropriate here to state that the Honorable Edward E. Triviz recused himself as trial judge in the hearing upon this motion and the Honorable Norman Hodges of the Sixth Judicial District of New Mexico was appointed to preside at the hearing upon this motion.

Defendant takes the position that because he was indebted to Judge Triviz on account of an unpaid attorney's fee and because Judge Triviz had "personal knowledge of defendant" it was impossible for the Judge to preside impartially at his trial.

To demonstrate prejudice on the part of the Judge defendant points to the following: First, a gun that was identified in court as being identical to the gun used in the armed robbery and identified as having been found underneath a seat occupied by defendant in an airplane was admitted in evidence; Second, defendant was arrested in California without a warrant.

These facts, in our opinion, are wholly insufficient to establish bias or prejudice, or from which bias or prejudice can reasonably be inferred, nor does the record before us in any respect indicate or tend to indicate bias or prejudice on the part of the trial judge.

It is clear from the record and findings of fact that the matters which were involved in the representation of defendant by Judge Triviz in 1963 had no connection

whatsoever with the issues in the trial presided over by him in 1966. Judge Trivis testified at the hearing on the motion, and the trial court found that at the time of defendant's trial in 1966 and at the subsequent sentencing, Judge Triviz was unaware that he had represented the defendant and was not in any way influenced or prejudiced by reason thereof.

 These findings are supported by substantial evidence and are conclusive upon appeal. State v. Gilbert, 78 N.M. 437, 432 P.2d 402 (1967); State v. Lattin, 78 N.M. 49, 428 P.2d 23 (1967); State v. Chavez, 78 N.M. 446, 432 P.2d 411 (1967). In Rose v. United States, 295 F. 687 (4th Cir. 1924) the court stated it would be absurd to suggest that the rights of the defendant could have been prejudiced in a case where all recollection of any dealings concerning the defendant prior to his assuming the bench had passed from the trial judge's mind.

In our opinion there is no merit to the contention that defendant was denied a fair trial. If defendant had believed that by reason of his past relations with Judge Triviz or, for any other reason attributable to the judge he would not be accorded a fair and impartial trial he had available to him the right of statutory disqualification, § 21–5–8, N.M.S.A., 1953. This right was not invoked nor does it appear that defendant informed his attorney of his belief that the judge could not preside over the trial with impartiality.

The following statement in Tharp v. Massengill, 38 N.M. 58, 28 P.2d 502 (1933), seems particularly pertinent here.

"We have no statute governing the time and manner of raising objection, and waiver ordinarily will be presumed unless and until objection is made. Good faith as between the litigants and a proper regard for sound administration require that the right to object should not be made a means of gambling on the result. If it could be shown that a party 'lay behind a log,' he will be held to have waived the disqualification of the judge, and to have consented to his presiding in the cause."

Defendant finally contends that since he still owed money to Judge Triviz the Judge was, for all practical purposes, still retained as his counsel. There is clearly no merit to this contention. Generally, the attorney-client relationship ceases when the contemplated legal service has been performed. Brem v. United States Fidelity and Guaranty Co., 206 A. 2d 404 (D.C.App.1965); People v. Wos, 395 Ill. 172, 69 N.E.2d 858 (1946). The failure to pay attorney's fees in whole or in part does not have the effect of continuing the relationship. Furthermore, when an attorney accepts the office of judge, that act of acceptance in itself terminates the relationship of attorney and client. Justice v. Lairy, 19 Ind.App. 272, 49 N.E 459 (1898).

Finding no error, the order appealed from will be affirmed.

It is so ordered.

OMAN and ARMIJO, JJ., concur.