439 P.2d 719

STATE of New Mexico, Plaintiff-Appellee,

v.

Jim Dean BARTON, Defendant-Appellant.

No. 8539.

Supreme Court of New Mexico.

April 15, 1968.

OPINION

OMAN, Judge, Court of Appeals.

Defendant appeals from an order denying, without hearing, his motion under Rule 93 [§ 21–1–1(93), N.M.S.A.1953 (Supp.1967)].

The matters raised by his motion are presented to us under six separate points relied upon for reversal. We shall dispose of these points in the order of their presentation in the briefs.

Briefly, the facts leading to defendant's conviction of armed robbery are that shortly before 4:00 p. m. on September 1, 1965, Creamland Dairy at Farmington, New Mexico, was robbed by a person armed with a gun. Two employees of the dairy were present at the time and able to give the police a description of the robber. This description was broadcast by the police radio, and apparently by at least one other local radio station.

At about 7:30 a. m. on the following morning a young man, named Tommy Hines, came into the police station and said he believed he had the robber spotted about two miles north of town in Choke Cherry Canyon. He had recognized the suspect from the radio description.

The police immediately proceeded to Choke Cherry Canyon, and one of the officers, Sergeant New, saw and approached the defendant from uphill and behind defendant while defendant was watching the other officers, who were downhill, in a different direction. Defendant was seated under a small tree, and as Sergeant New approached him, he noticed that defendant had a briefcase and what appeared to be a gun. The officer commanded defendant to stand up slowly and he placed defendant under arrest. He then ordered defendant to walk ahead up the hill.

When the other officers arrived, Sergeant New directed one of them to the spot where defendant had been seated for the purpose of picking up the briefcase and gun.

The briefcase was opened at the police station and it contained some dark glasses, a head band, and a cap. The gun, the glass-

Boston E. Witt, Atty. Gen., David R. Sierra, Asst. Atty. Gen., Santa Fe, for appellee.

John R. Phillips, Jr., Farmington, for appellant.

es, the head band and the cap were identified by the two employees of the dairy, and they also positively identified defendant as the person who had committed the robbery.

Defendant's first point is that he "was arrested without a warrant and by officers who had no authority outside the City limits of Farmington, New Mexico, thus depriving him of his right to due process of law."

There is no doubt that defendant was arrested without a warrant. But there is nothing in the record to show that the officers, and particularly the arresting officer, had no authority to make the arrest at the point where the arrest was made. Defendant's position appears to be that no probable cause existed, or that there were no reasonable grounds shown, for his arrest. He relies upon the case of State v. Deltenre, 77 N.M. 497, 424 P.2d 782 (1966).

■ Nothing stated in the Deltenre case supports defendant's position. Here the officers knew the crime of armed robbery had been committed less than twenty-four hours prior to the arrest; they had received from the victims a description of the person committing the crime; they had been alerted to the possible location of this person by Mr. Hines, who made a tentative identification of defendant from the descriptions furnished the police by the victims; defendant was wearing some clothing like that described by the victims; defendant was observed sitting under a small tree watching some of the police officers in their search for him down the hill; and defendant had his hand either on or very close to a gun like that used in the commission of the crime.

Under these circumstances we are convinced that the arresting officer had probable cause to believe that defendant was the person who had committed the crime, and that the officer acted reasonably in placing defendant under arrest.

■ As stated in State v. Selgado, 76 N.M. 187, 413 P.2d 469 (1966), which was reaffirmed in State v. Gibby, 78 N.M. 414, 432 P.2d 258 (1967):

"He [a police officer] may arrest without a warrant when the circumstances are such as to warrant a reasonable person in believing that an offense has been committed by the person whom he then arrests. * * *"

See also State v. Hudman, 78 N.M. 370, 431 P.2d 748 (1967).

■ Further, by pleading not guilty and proceeding to trial he waived any claim he may have had that his arrest was illegal. State v. Ramirez, 78 N.M. 418, 432 P.2d 262 (1967). See also State v. Robinson, 78 N.M. 420, 432 P.2d 264 (1967); State v. Gibby, supra.

His next claim is that his "briefcase was illegally seized, searched and the contents entered in evidence at the trial over * * * objection."

The briefcase was recovered from the spot under the small tree where defendant was seated when approached and arrested by Officer New, as above related. At the police station the briefcase was opened and yielded the glasses, head band and cap, which were identified by the victims as the kind worn by defendant at the time of committing the crime. They were received into evidence.

■ His position is that his right to be protected against illegal searches and seizures was violated, and that the reception into evidence of the contents of the briefcase constituted fundamental error. He relies on Mapp v. Ohio, 367 U.S. 643, 81 S.Ct. 1684, 6 L.Ed.2d 1081 (1961). Nothing stated in the Mapp case compels, or even strongly suggests, that the taking of the briefcase and its contents, incident to a lawful arrest, constituted an unreasonable search and seizure contrary to the guarantees of Amendments 4 and 14 of the Constitution of the United States and of Article 2, Section 10 of the Constitution of New Mexico.

Insofar as it can be said the taking into custody of the briefcase and the examina-

·tion of its contents constituted a seizure and search, there is no question in our minds that this seizure and search were incident to the lawful arrest of the defendant, and were, therefore, also · lawful. State v. Deltenre, supra; Spillers v. State, 436 P.2d 18 (Nev.1968); Lofton v. Warden, Nevada State Prison, 431 P.2d 981 (Nev. 1967); State v. Elkins, 422 P.2d 250 (Or. 1966); State v. Bullock, 431 P.2d 195 (Wash.1967).

█ In any event, the question of the use of illegally seized evidence, where the circumstances of the claimed illegal search and seizure are known to defendant at the time of trial, cannot properly be raised by motion under Rule 93. State v. Fines, 78 N.M. 737, 437 P.2d 1006, decided February 12, 1968.

█ Defendant next urges that "the trial court erred in failing to require that [he] be indicted by a grand jury." This contention is without merit and has been expressly ruled on by this court and the New Mexico Court of Appeals in State v. Williams, 78 N.M. 211, 430 P.2d 105 (1967); State v. Franklin, 78 N.M. 127, 428 P.2d 982 (1967); State v. Reyes, 78 N.M. 527, 433 P.2d 506 (1967).

█ Defendant's next claim is that "the trial court erred in not releasing defendant because he was held in solitary confinement while in jail awaiting trial and while in the New Mexico penitentiary after trial." We are not sure just how he claims this solitary confinement, if in fact he was so confined, could vitiate his conviction, or entitle him to be relieved of his sentence of confinement in the penitentiary. From his citation of State v. Peters, 78 N.M. 224, 430 P.2d 382 (1967), we assume he is contending he was subjected to cruel and inhuman punishment. Nothing said in that case can be construed as supporting defendant's claim

█ If he is suggesting a lack of due process or double jeopardy, he also must fail. The trial court's findings and conclusions in these regards, which are sup-ported by the record·and upon which no attack has been made, are "that the defendant was tried, convicted and sentenced but one time," and "that the arrest, trial, conviction and sentencing of defendant were in all respects proper and in accordance with the law and that defendant's contention of double jeopardy is without merit."

█ Any claim of error must specifically point out the claimed error. State v. Rhodes, 77 N.M. 536, 425 P.2d 47 (1967).

█ Defendant's fifth point is that he was not represented by effective and competent counsel. The record shows defendant was represented by a reputable and competent attorney. Counsel is presumed to be competent, and unless it appears that the trial constituted a sham, a farce, or a mockery of justice, a defendant cannot be heard to complain that he was denied the effective assistance of counsel. State v. Hines, 78 N.M. 471, 432 P.2d 827 (1967); State v. Moser, 78 N.M. 212, 430 P.2d 106 (1967); State v. Brusenhan, (Ct.App.) 78 N.M. 764, 438 P.2d 174, decided February 16, 1968; State v. Raines, 78 N.M. 579, 434 P.2d 698 (1967).

As his final point, defendant contends "the trial court erred in not allowing defendant to confront his original accuser at the trial." By his original accuser he means Mr. Hines, the person who reported to the police that he believed he had spotted at Choke Cherry Canyon the person described in the radio broadcasts.

█ Mr. Hines was not an accuser, and he did not appear as a witness. At no time did defendant even indicate that he wanted Mr. Hines called as a witness, although, as stated by the trial court in one of the findings, upon which there is no attack, "prior to and during his trial the defendant had available to him the right to subpoena any and all witnesses." Under these circumstances he cannot be heard to complain. State v. Spencer, 101 Ariz. 529, 421 P.2d 886 (1966); State v. James, 76 N.M. 376, 415 P.2d 350 (1966).

The constitutional guarantee of confrontation extends only to the right "to be confronted with the witnesses against him." Amendment 6, Constitution of the United States; Article 2, Section 14, Constitution of New Mexico; State v. James, supra. Mr. Hines was not a witness against defendant. Nothing stated by Mr. Hines to the police in any way could be construed as connecting defendant with the crime. He only advised the police that he believed he had seen the person described in the newscasts, and he told the police where he had seen this person.

The order denying the motion should be affirmed.

It is so ordered.

NOBLE and COMPTON, JJ., concur.