444 P.2d 605

**Narciso FLORES, Petitioner-Appellant,**

v.

**STATE of New Mexico, Respondent-Appellee.**

**No. 222.**

Court of Appeals of New Mexico.

Aug. 9, 1968.

---

J. Benson Newell, Las Cruces, for petitioner-appellant.

Boston E. Witt, Atty. Gen., Gary O'Dowd, Asst. Atty. Gen., Santa Fe, for respondent-appellee.

## OPINION

WOOD, Judge.

Narciso Flores appeals from the denial of his second motion for post-conviction relief under § 21–1–1(93) N.M.S.A.1953. Denial of his first motion was affirmed in Flores v. State, 79 N.M. 47, 439 P.2d 565 (Ct.App.1968). He contends that his armed robbery conviction should be set aside because of the provisions of N.M. Const. Art. XX, § 20.

N.M.Const. Art. XX, § 20, provides that a person held on a felony charge " * * * may in open court with the consent of the court and the district attorney, to be entered upon the record, waive indictment and plead to an information * * *."

Flores was charged by criminal information. The record does not show that either the court or the district attorney consented to waiver of grand jury indictment. Because the record does not show such consent, Flores contends the trial court was without jurisdiction to proceed on the basis of the criminal information.

Prior to the amendment of N.M.Const. Art. II, § 14 in 1925, a defendant was to be held to answer only on a presentment or indictment by a grand jury. N.M.Const. Art. XX, § 20 sets forth the requirements for waiver of action by a grand jury. Thus, prior to the 1925 amendment, defendant's argument may have had merit.

The 1925 amendment of N.M.Const. Art. II, § 14 provides that a defendant may be charged either by grand jury action or by a criminal information. Since the 1925 amendment, defendant has had no right to be charged by a grand jury; rather he may be proceeded against by information. State v. Barton, 79 N.M. 70, 439 P.2d 719 (1968); State v. Williams, 78 N.M. 211, 430 P.2d 105 (1967); State v. Franklin, 78 N.M. 127, 428 P.2d 982 (1967); State v. Reyes, 78 N.M. 527, 433 P.2d 506 (Ct. App.1967).

Since Flores was charged by criminal information, the provisions of N.M.Const. Art. XX, § 20 concerning waiver of grand jury indictment and consent to such a waiver are not applicable. State v. Chacon, 62 N.M. 291, 309 P.2d 230 (1957) is not to the contrary. In Chacon, the trial court was without jurisdiction because there was neither an information nor a grand jury indictment. The claim concerning N.M. Const. Art. XX, § 20 provided no basis for post-conviction relief. State v. Reyes, supra.

The order denying relief is affirmed. It is so ordered.

OMAN and ARMIJO, JJ., concur.