447 P.2d 520

STATE of New Mexico, Plaintiff-Appellee,

v.

Billy Joe COCHRAN, Defendant-Appellant.

No. 8618.

Supreme Court of New Mexico.

Dec. 2, 1968.

Richard F. Rowley, II, Clovis, for appellant.

Boston E. Witt, Atty. Gen., Spencer T. King, Asst. Atty. Gen., Santa Fe, for appellee.

## OPINION

COMPTON, Justice.

This is the second time we have had this case before us. State v. Cochran, 78 N.M. 292, 430 P.2d 863. Appellant was previously convicted of the crime of voluntary manslaughter by a jury of Quay County and he appealed. We reversed and remanded for the reason that the trial court committed prejudicial error in refusing to give a certain requested instruction. On retrial by a jury the appellant was again convicted of the same charge. Appellant urges the following points for a reversal: lack of substantial evidence to support the conviction of manslaughter; error in refusing to grant a continuance because of the absence of material witnesses; error in refusing to grant a mistrial; lack of jurisdiction to try the appellant; and that the appellant was not indicted by a grand jury.

In the early morning hours of December 16, 1965, appellant Cochran, the deceased Hays, and others were engaged in a poker game at a house in Clovis, New Mexico. During the course of the game the deceased sought to recover money which the appellant had won from him. He became very angry with appellant, cursed him, threatened to kill him, and fired three pistol shots close to appellant's head. The deceased then took a bundle of money and a pistol from the appellant. The deceased later, however, returned a large portion of the money but kept some $123.00. He also returned the pistol which in the meantime he had unloaded.

A short time after the fracas had subsided and tempers had apparently cooled, appellant left the house and went to do several errands. He also went to his car

parked at a lounge and reloaded his pistol. Subsequent to reloading his pistol, appellant returned to the house and parked his automobile in the proximity of the deceased's automobile.

While the appellant was absent from the house, the deceased obtained a shotgun from his car, checked the mechanism, loaded it, and replaced it between the front seats of his car. He and his companions were in or near the car when the appellant arrived.

The testimony is conflicting as to the occurrences which immediately preceded the homicide. The appellant's version is that he offered to resume the poker game and the deceased threatened to kill him with the shotgun. Other testimony shows that the deceased had met the appellant but started back to the car when he learned that appellant had a gun, and the testimony further shows that the deceased did not then have the shotgun in his hands. In any event, it is undisputed that the appellant shot the deceased in the face and then in quick succession fired two more shots.

Turning first to the question of whether there was substantial evidence to support the charge upon which the appellant was convicted, the appellant contends that the testimony only tends to show that he was guilty of murder with malice. Although this court has held in construing the applicable statute, § 41–13–1, N.M.S.A.1953, that an appellant cannot complain that the evidence showed he was guilty of a higher degree of homicide than that of which he was convicted, State v. Griego, 61 N.M. 42, 294 P.2d 282, appellant argues that the statute does not apply in a situation where the defendant is charged only with voluntary manslaughter. The appellant states no reason for this contention and indeed it flies in the face of the statute. The statute provides in part that "no judgment shall be stayed, arrested or in any manner affected because the evidence shows or tends to show the accused guilty of a higher degree of the offense than that of which he [was] convicted." We have carefully examined

the record and conclude that there is substantial evidence to support the conviction for voluntary manslaughter.

■■■ Appellant complains that the trial court erred in refusing to grant a continuance prior to trial on the grounds that material witnesses were absent. The rule has been firmly established by this court that a motion for continuance rests within the sound discretion of the trial court and its ruling will not be disturbed unless the record shows an abuse of discretion. State v. Nieto, 78 N.M. 155, 429 P.2d 353; State v. Gallegos, 46 N.M. 387, 129 P.2d 634; Territory v. Yee Dan, 7 N.M. 439, 37 P. 1101; Territory v. Lobato, 17 N.M. 666, 134 P. 222, L.R.A.1917A, 1226, aff'd, 242 U.S. 199, 37 S.Ct. 107, 61 L.Ed. 244. The record shows that the trial court exercised proper judicial discretion in denying the motion. The motion was denied because the appellant failed to show diligence in attempting to secure the witnesses. Sections 21–8–9, 21–8–10, N.M.S.A.1953. The appellant offered the motion for a continuance on the date trial was set. He had known for well over a month the need for calling the witnesses but had made no attempt to ascertain their availability prior to trial. See § 21–8–8, N.M.S.A.1953.

■■■ Appellant contends that the trial court erred in refusing to grant a mistrial at the close of the case when it was learned that the State had used witnesses in rebuttal who had violated the court's instruction to remain in the witness room. Although it is extremely important that the witnesses comply with the rule, there is no showing that the witnesses, though absent from the witness room, were in the courtroom, that the content or manner of the testimony of any witness was altered, or that appellant was prejudiced thereby. The matter of violation of the rule was within the discretion of the trial court. There was no abuse of discretion in denying the motion as the appellant has failed to show that he was prej-

udiced in any manner. Miller v. State, 169 Neb. 737, 100 N.W.2d 876.

■■■ The gist of appellant's contention that New Mexico is without jurisdiction to try him is that he was forced to return to New Mexico after New Mexico authorities had voluntarily turned him over to Texas authorities on other charges. In support of this contention he cites Anderson v. State, 386 P.2d 320 (Okl.Cr.App.), and other cases cited therein. Those cases are not applicable here. See generally 4 Wharton Crim. Law & Proc., § 1646 (10th Ed. 1957); Golla v. State, 2 Storey 433, 159 A.2d 585 (Del. 1960); Commonwealth ex rel. Bonomo v. Haas, 428 Pa. 167, 326 A.2d 810. He was forced to return because his bond would have been forfeited if he had not returned. The very purpose of posting bond in New Mexico was to insure that the defendant would be available for trial. Even assuming illegality in the manner in which appellant was brought to New Mexico, this, in itself, would not cause us to hold void the criminal proceedings against him. We have said that, "where a person accused of crime is found within the territorial jurisdiction where he is charged, the jurisdiction of the court where the charge is so pending is not impaired by the fact he was brought from another jurisdiction by illegal means." State v. Wise, 58 N.M. 164, 267 P.2d 992.

■ Appellant also contends that there was a deprivation of his constitutional rights by being charged by information rather than by a grand jury indictment. This contention is without merit. Hurtado v. California, 110 U.S. 516, 4 S.Ct. 111, 28 L.Ed. 232. See also State v. Reyes, 78 N.M. 527, 433 P.2d 506; State v. Williams, 78 N.M. 211, 430 P.2d 105; State v. Franklin, 78 N.M. 127, 428 P.2d 982.

The judgment should be affirmed. It is so ordered.

NOBLE and MOISE, JJ., concur.