This decision of the New Mexico Court of Appeals was not selected for publication in the New Mexico Appellate Reports. Refer to Rule 12-405 NMRA for restrictions on the citation of unpublished decisions. Electronic decisions may contain computer-generated errors or other deviations from the official version filed by the Court of Appeals.

### IN THE COURT OF APPEALS OF THE STATE OF NEW MEXICO

**No. A-1-CA-39890**

**STATE OF NEW MEXICO,**

     Plaintiff-Appellee,

v.

**JESUS ROBLES,**

     Defendant-Appellant.

**APPEAL FROM THE DISTRICT COURT OF CHAVES COUNTY**
**Thomas E. Lilley, District Court Judge**

Raúl Torrez, Attorney General
Laurie Blevins, Assistant Attorney General
Santa Fe, NM

for Appellee

Bennett J. Baur, Chief Public Defender
Caitlin C. M. Smith, Assistant Appellate Defender
Santa Fe, NM

for Appellant

### MEMORANDUM OPINION

**ATTREP, Chief Judge.**

**{1}**    Defendant Jesus Robles appeals his conviction for second-degree murder (NMSA 1978, § 30-2-1(B) (1994)) for the killing of his girlfriend (Victim), following a jury trial. Defendant raises two arguments on appeal: (1) that his conviction should be reversed due to the purported erroneous admission of certain evidence at trial; and (2) that the district court judge erred by failing to recuse himself despite his previous representation of Defendant in a separate matter. We affirm.

**DISCUSSION**

**I.     The Challenged Evidence at Defendant's Trial Is Not a Basis for Reversal**

**{2}**     Defendant argues that the district court abused its discretion under Rule 11-403 NMRA by admitting into evidence two autopsy photographs of the gunshot wound to Victim's head, a recording of the call made to 911 by Victim's nine-year old daughter, and two lapel camera video recordings of responding officers. Specifically, Defendant argues that the photographs and the 911 recording were admitted in error because the risk of unfair prejudice substantially outweighed the probative value of the evidence. Defendant does not argue that the admission of the lapel videos by itself warrants reversal; instead, Defendant maintains that the cumulative effect of the other errors and the admission of the lapel videos denied him a fair trial. We reject Defendant's arguments because (A) the district court did not abuse its discretion in admitting the autopsy photographs; (B) Defendant did not preserve his argument that the admission of the recording of the 911 call was unfairly prejudicial; and (C) any purported error in the admission of the lapel videos does not, by itself, warrant reversal, as Defendant concedes.

**A.     The Autopsy Photographs**

**{3}**     First, Defendant challenges the admission of two full-color autopsy photographs, Exhibits 25 and 26, which depict Victim's gunshot wound in detail. Exhibit 26 is a close-up photograph of the upper, left side of Victim's face and shows what her gunshot wound looked like before it was cleaned. There is dried blood on Victim's face and a large, gaping wound above her left eye, revealing gore. Exhibit 25 provides an even closer image of Victim's wound, but the surrounding skin has been cleaned, the hair has been shaved, and the skin surrounding the wound has been sutured. The State contends that neither of the photographs is more graphic than other photographs admitted into evidence, to which Defendant did not object,[1] and that any unfair prejudice did not substantially outweigh their probative value. We agree with the State.

**{4}**     Rule 11-403 provides that a "court may exclude relevant evidence if its probative value is substantially outweighed by a danger of[, among other things,] unfair prejudice." In this context, unfair prejudice "means an undue tendency to suggest decision on an improper basis, commonly, though not necessarily, an emotional one." *State v. Stanley*, 2001-NMSC-037, ¶ 17, 131 N.M. 368, 37 P.3d 85 (internal quotation marks and citation omitted). A district court "is vested with great discretion in applying Rule 11-403, and it will not be reversed absent an abuse of that discretion." *See State v. Galindo*, 2018-NMSC-021, ¶ 37, 415 P.3d 494 (alteration, internal quotation marks, and citation

---

[1]Two other similar photographs were admitted into evidence without objection from Defendant. Exhibit 23 was taken while Victim was still at the hospital and shows the left side of her face. In this photograph, Victim's face is covered in a significant amount of blood, and the blood appears also to have soaked through the material beneath her head. There is a serious injury near Victim's left eyebrow and it appears Victim had been intubated. Exhibit 24 is a "standard identification photograph" taken during Victim's autopsy, apparently after the gunshot wound was cleaned, and shows bruising around Victim's eyes, as well as an obscured angle of the gunshot wound.

omitted). A district court abuses its discretion only when its evidentiary ruling is "clearly against the logic and effect of the facts and circumstances of the case." *Id.* (internal quotation marks and citation omitted).

**{5}** "Graphic photographs of the injuries suffered by deceased victims of crime are by their nature significantly prejudicial, but that fact alone does not establish that they are impermissibly so." *State v. Bahney*, 2012-NMCA-039, ¶ 43, 274 P.3d 134; *see also State v. Bailey*, 2017-NMSC-001, ¶ 26, 386 P.3d 1007 ("[T]he task under Rule 11-403 is not to exclude all uniquely prejudicial evidence—just that evidence having an *unduly* prejudicial impact on a defendant that far outweighs the evidence's probative effect in proving an element of the [s]tate's case." (emphasis added)). The test for determining whether graphic photographs are impermissibly prejudicial "is whether they are admissible for a proper purpose, such as depicting the nature of an injury, clarifying and illustrating testimony, and explaining the basis of a forensic pathologist's expert opinion." *Galindo*, 2018-NMSC-021, ¶ 38 (internal quotation marks and citation omitted); *see also State v. Garcia*, 2005-NMCA-042, ¶ 50, 137 N.M. 315, 110 P.3d 531 (concluding that the admission of photographs of a deceased victim was not an abuse of discretion, "even if they [we]re gruesome," because they were "used to show the nature of the injury, to explain the basis of the forensic pathologist's opinion, and to illustrate the forensic pathologist's testimony").

**{6}** Here, Exhibits 25 and 26 were admitted for the purpose of depicting the nature of Victim's wound and illustrating the testimony of Dr. Ian Paul, the State's expert forensic pathologist. Dr. Paul testified that the visible damage to the skin surrounding the gunshot wound was indicative of a "contact range gunshot wound," meaning that the muzzle of the gun was against Victim's skin when it was fired. As for the suturing depicted in Exhibit 25, Dr. Paul testified that this was an approximation of what the wound would have looked like without the damage caused by the force of gas emitted from the gun when it was fired at close range. Beyond illustrating Dr. Paul's testimony, the photographs were highly probative of a disputed issue at trial—the location of the gun when it was discharged. During Defendant's opening statement, counsel asserted that he was going to ask the jury to find Defendant "not guilty of first-degree murder or any lesser included" because "the evidence is not going to be able to show you where the gun was when it happened." The challenged photographs, supportive of Dr. Paul's testimony, directly refuted Defendant's claim.2 Given this, the district court reasonably could have concluded that the probative value of the photographs was not substantially outweighed by the danger of unfair prejudice to Defendant; we therefore detect no abuse of discretion.3 *See, e.g.*, *State v. Blakley*, 1977-NMCA-088, ¶ 27, 90 N.M. 744,

---

2Defendant, in his brief in chief, maintained that "there was no dispute that [Victim] was shot at contact range." To appellate counsel's credit, Defendant, without prompting by the State, acknowledges in his reply brief that this statement is inaccurate given defense counsel's opening statement.

3We are not persuaded by Defendant's reliance on out-of-jurisdiction case law. Defendant relies on *Commonwealth v. LeGares*, 709 A.2d 922 (Pa. Super. Ct. 1998), for the proposition that an inflammatory photograph is inadmissible if it is "merely cumulative of other evidence." Id. at 924 (emphasis, internal quotation marks, and citation omitted). In New Mexico, however, such "photographs are properly admitted if they serve to corroborate other evidence, even though they may be cumulative." *State v. Valenzuela*, 1976-NMSC-079, ¶ 8, 90 N.M. 25, 559 P.2d 402. Defendant also relies on *State v. Poe*, 441 P.2d 512

568 P.2d 270 (holding that the admission of a photograph of the victim's body at the crime scene was not an abuse of discretion because it "illustrated, clarified, and corroborated the testimony of various witnesses").

## B.     The Recording of the 911 Call

**{7}**     Next, Defendant argues that the district court abused its discretion under Rule 11-403 by admitting into evidence a recording of the 911 call made by Victim's nine-year old daughter on the ground that its risk of unfair prejudice substantially outweighed its probative value. For the reasons we explain, we reject Defendant's argument as unpreserved. *See State v. Phillips*, 2000-NMCA-028, ¶ 18, 128 N.M. 777, 999 P.2d 421 ("This Court reviews evidentiary issues only when a timely objection at trial alerts the mind of the trial judge to the error, allowing the judge to rule intelligently on the matter and correct potential mistakes.").

**{8}**     At the end of the first day of trial, the district court judge asked the parties whether anything needed to be addressed before the following morning. After discussing issues not relevant to this appeal, defense counsel alerted the district court that he would be objecting to the State's attempt to admit the recording of the 911 call. Counsel's primary concern was that the recording raised "hearsay and confrontation issues." Counsel also argued that it was "cumulative and unnecessary." The prosecutor explained why she believed the recording to be admissible, including that defense counsel in his opening statement told "the jury that [the defense] believe[s] that the child is not remembering or changing her testimony." Defense counsel reiterated his hearsay and confrontation argument and his contention that the recording was cumulative and unnecessary. Counsel also took issue with the State's contention that a prior consistent statement could be deemed admissible based on nothing more than what was said in an opening statement. Finally, defense counsel stated, "And the fact is [the recording] is going to wrench all the jurors['] hearts. It wrenched mine. I'm sure it wrenched everyone in this room who hears it. And the fact is that['s] what we're going for, apparently, compassion for a victim." Following this, the parties and the district court discussed *State v. Soliz*, 2009-NMCA-079, ¶ 32, 146 N.M. 616, 213 P.3d 520 (holding that a caller's statements to a 911 operator were nontestimonial), and the feasibility of redacting the recording. Without making any ruling, the district court judge recessed for the day, stating, "All right. We'll take that up tomorrow as we get there."

**{9}**     The district court judge opened the second day of trial by observing that the admissibility of the 911 call recording had been "left hanging." The judge then asked, "Did counsel resolve that for me?" Defense counsel stated that he had reviewed *Soliz* and, apparently, no longer had any hearsay or confrontation clause concerns. "[H]owever," counsel stated, "I still believe it's cumulative and unnecessary. I don't believe we've come to any other resolution on that." After hearing the prosecutor's

---

(Utah 1968), for the proposition that a district court abuses its discretion in admitting evidence with "no probative value" and for which the "only purpose . . . was to inflame and arouse the jury." *Id.* at 515. *Poe* is no help to Defendant because, as discussed, the photographs in this case had significant probative value and their admission was for a proper purpose.

argument as to why the recording was both relevant and not cumulative and listening to the entirety of the recording, the district court ruled that it was admissible under *Soliz*, and advised defense counsel that "I note your other objections . . . and your objection is overruled." At the time the State tendered the recording for admission into evidence, defense counsel stated that he had no objections to its admission other than his "prior ones." After "not[ing counsel's] previous objections," the district court admitted the recording of the 911 call into evidence.

**{10}** A district court is expected to decide only those issues fairly invoked. *See State v. Harrison*, 2000-NMSC-022, ¶ 28, 129 N.M. 328, 7 P.3d 478. It thus is well understood that, to preserve an issue for appeal, a party "must make a timely objection that specifically apprises the trial court of the nature of the claimed error and invokes an intelligent ruling thereon." *State v. Montoya*, 2015-NMSC-010, ¶ 45, 345 P.3d 1056 (internal quotation marks and citation omitted); *see* Rule 12-321(A) NMRA ("To preserve an issue for review, it must appear that a ruling or decision by the trial court was fairly invoked."). "An objection requires specificity so that the appellate court does not have to guess at what was and was not an issue at trial." *Phillips*, 2000-NMCA-028, ¶ 18 (internal quotation marks and citation omitted). Moreover, the appellant must "obtain a clear ruling from the trial court in order to preserve the grounds alleged to have been in error." *State v. Baca*, 1997-NMSC-045, ¶ 13, 124 N.M. 55, 946 P.2d 1066, *overruled on other grounds by State v. Belanger*, 2009-NMSC-025, ¶ 36, 146 N.M. 357, 210 P.3d 783.

**{11}** Applying these principles, we conclude that Defendant did not preserve an objection to the admission of the recording of the 911 call on the ground that its "probative value [was] substantially outweighed by a danger of . . . unfair prejudice." Rule 11-403. Even if we were to consider counsel's statement at the end of the first day of trial—that the recording would "wrench all the jurors['] hearts"—as asserting such an objection, *see Baca*, 1997-NMSC-045, ¶ 13 ("[T]he objection need not be specific if the specific ground is apparent from the context."), the district court at that time did not rule on that, or any other, objection. Instead, the district court the next day asked the parties whether they had resolved the issue of the admissibility of the recording without the need of the court's intervention. In response, defense counsel provided that his only remaining objections were that the recording was "cumulative and unnecessary." *See, e.g.*, *State v. Varela*, 1999-NMSC-045, ¶¶ 24-26, 128 N.M. 454, 993 P.2d 1280 (holding that a defendant did not preserve an unfair prejudice objection under Rule 11-403 by making a relevancy objection). Thus, even assuming Defendant raised a Rule 11-403 unfair prejudice objection on the first day of trial, he abandoned it before obtaining a ruling. *See, e.g.*, *State v. Pennington*, 1993-NMCA-037, ¶ 22, 115 N.M. 372, 851 P.2d 494 ("To preserve an issue for appeal, a defendant ordinarily must invoke a ruling on the issue by the trial court."); *see also, e.g.*, *State v. Frazier*, 2007-NMSC-032, ¶ 38, 142 N.M. 120, 164 P.3d 1 ("[A] party cannot rely on a withdrawn objection to preserve error." (internal quotation marks and citation omitted)); *Maestas v. Town of Taos*, 2020-NMCA-027, ¶ 8 n.1, 464 P.3d 1056 (holding that a party "denied the district court an opportunity to consider and rule on [an] objection and therefore failed to preserve the issue for appeal" where the party withdrew his objection to the opposing party's motion).

In sum, Defendant's argument on appeal "is a different objection" from the one the district court ruled on below, and "identifies a problem the [district] court might have required the State to avoid had Defendant asked the court to consider [it]." *See Varela*, 1999-NMSC-045, ¶ 25. Because the district "court had no opportunity to consider the merits of, or to rule intelligently on, the argument [D]efendant now puts before us," we reject it as unpreserved. *See id.* ¶ 26 (internal quotation marks and citation omitted).

## C.    The Lapel Camera Video Recordings

**{12}**    Third, Defendant challenges the admission of two police lapel camera video recordings. Although Defendant argues that the lapel videos were wrongfully admitted, he concedes that "[t]he videos on their own were not prejudicial enough to create reversible error." As a result, Defendant maintains that "[t]he cumulative error doctrine is the correct vehicle for raising the problem with the lapel videos."

**{13}**    "The doctrine of cumulative error applies when multiple errors, which by themselves do not constitute reversible error, are so serious in the aggregate that they cumulatively deprive the defendant of a fair trial." *State v. Salas*, 2010-NMSC-028, ¶ 39, 148 N.M. 313, 236 P.3d 32 (internal quotation marks and citation omitted). Because we already have concluded that there was no error in the admission of the autopsy photographs and that Defendant's unfair prejudice argument regarding the 911 call recording was not preserved, we hold that the admission of the lapel videos, even assuming error, did not deprive Defendant of a fair trial. *See State v. Carrillo*, 2017-NMSC-023, ¶ 53, 399 P.3d 367 ("Because we find only one error at trial, an error which was harmless, we reject [the d]efendant's cumulative error claim."); *see also State v. Samora*, 2013-NMSC-038, ¶ 28, 307 P.3d 328 ("Where there is no error to accumulate, there can be no cumulative error." (alteration, internal quotation marks, and citation omitted)).

## II.    The District Court Judge Did Not Err by Declining to Recuse Himself

**{14}**    After the State rested its case, defense counsel moved for a directed verdict, which the district court denied. Defendant then requested, for the first time, that the district court judge recuse himself because the judge had represented Defendant at least two years earlier in a traffic matter. After reviewing his conflict file, the judge confirmed that he had represented Defendant, but stated that he had not recognized Defendant and had not made any rulings or decisions in the trial based on his prior representation of Defendant. When asked, both defense counsel and the prosecutor agreed that the judge's impartiality could not reasonably be questioned. The district court judge then denied Defendant's request, noting for the record that "[D]efendant has obviously known that I was his lawyer previously and has failed to bring that up until after I denied his motions for directed verdict."

**{15}**    Defendant argues that it was "improper" for the district court judge not to recuse himself, and asks us to reverse his conviction on this basis. "[R]ecusal rests within the discretion of the trial judge, and will only be reversed upon a showing of an abuse of

that discretion." *State v. Riordan*, 2009-NMSC-022, ¶ 6, 146 N.M. 281, 209 P.3d 773. "In order to require recusal, bias must be of a personal nature against the party seeking recusal," and "[p]ersonal bias cannot be inferred from an adverse ruling." *State v. Hernandez*, 1993-NMSC-007, ¶ 44, 115 N.M. 6, 846 P.2d 312.

**{16}** Defendant does not present any evidence of personal bias, and the only legal authority Defendant cites in support of his argument are two opinions by the New York Advisory Committee on Judicial Ethics. Absent more, we follow binding precedent and reject Defendant's argument that the district court judge erred by not recusing himself. *See id.* ("Because [the d]efendant did not think that recusal of the trial judge was necessary until after an adverse ruling, we hold that the trial judge did not abuse his discretion by declining to recuse himself."); *Flores v. State*, 1968-NMCA-017, ¶¶ 6-12, 14, 79 N.M. 47, 439 P.2d 565 (finding no error in judge not recusing from presiding over a former client's criminal trial where the record was devoid of any evidence of bias or prejudice).

**CONCLUSION**

**{17}** For the foregoing reasons, we affirm.

**{18}** **IT IS SO ORDERED.**

**JENNIFER L. ATTREP, Chief Judge**

**WE CONCUR:**

**GERALD E. BACA, Judge**

**KATHERINE A. WRAY, Judge**